## Dennis Daily and Another v. Liba L. Litchfield and Another.

Where land contracted to be conveyed, is deeded away to a third person, both the party to the contract and the person to whom the land has been conveyed, are necessary parties to a bill for specific performance.

Bill for the specific performance of a contract to exchange certain lands of defendants for other lands of complainants. The bill alleged complainants to be owners in fee simple of the lands to be exchanged by them. *Held* a sufficient statement of what the title was.

*Held further*, that if defendants intended to deny the title, or to insist on incumbrances as an objection to performance, they should put the title or encumbrances in issue by their answer. And the burden of proof would then be upon them to show defects.

Complainants notified the other party to the contract to meet them at the office where the contract was drawn, and exchange deeds — that place having been agreed upon between them for that purpose at the time the contract was entered into. They went to the office at the time specified, executed a deed of the land to be conveyed by them, and left it there for delivery—the other party not having appeared. They afterwards notified him of what they had done. *Held* equivalent to a tender of their deed, and a sufficient request for a deed from the other party. It is not necessary in such case for the party claiming specific performance to prepare and tender a deed to be executed by the other party

In a bill for the specific performance of a contract for the conveyance of land, a part of the consideration for which was certain clearing and fencing, a general allegation that the same has been performed by complainants in accordance with the contract is sufficient.

One of the defendants held, under a contract of purchase, the land agreed to be conveyed by him. Instead of taking a deed to himself, he had it made to the other defendant, his wife, who had notice of the agreement to convey to complainants, and paid no consideration. *Held*, not necessary to demand a deed of the wife before filing a bill for specific performance.

In such a case the wife can have no right of dower.

DAILY v. LITCHFIELD.

Where by the terms of a contract a sum is mentioned as "liquidated damages" for the non-performance of several distinct stipulations of very different degrees of importance, and this sum is to be payable equally on a failure to perform the least as of that to perform the most important, or the whole of them together, it is in legal effect a penalty, and not stipulated damages; and the fixing of such a penalty by the contract is no objection to specific performance.

Complainant tendered a deed describing the lands as "(supposed to be) thirty-eight acres of land off from the east side of the south-east fractional quarter of section number thirty-two, in Township number four south of range number sixteen west; being the same number of acres off from said east side of said south-east fractional quarter of said sction as there is in the west part of the south-east fractional quarter of section number four in township number five south of range number sixteen west, in the county of Cass and State aforesaid, heretofore owned and occupied by said Litchfield, (the defendant) and in exchange, for which this conveyance is made, be the same more or less." *Held* a sufficient description—it being made good by reference to the other tract, and the land thus capable of being identified by survey.

*Heard January 15th. Decided April 22d.*

Appeal from Cass Circuit in Chancery.

Dennis and Patrick Daily filed their bill of complaint against Liba L. and Sarah Litchfield, setting forth, that on August 29, 1856, said Liba L. Litchfield was possessed of thirty-eight acres of land in Cass county, which on that day he agreed to exchange with complainants for the same quantity of land owned by them in fee simple, and for that purpose they entered into a contract with said Liba L. Litchfield, of which the following is a copy:

"This contract, entered into this twenty-ninth day of August, 1856, by and between Liba L. Litchfield, of the township of Silver Creek, county of Cass, and State of Michigan, of the first part, and Dennis Daily and Patrick Daily, of the same place, of the second part, witnesseth, that the said parties hereby agree to exchange the following described parcels of land, to wit:

"The said party of the first part agrees to exchange the west part of the south-east fractional quarter of section number four, in township number five south of range number sixteen west, in the State of Michigan, and county of Cass, containing thirty-eight acres of land, be the same more or less, and now occupied by him, for the same.

quantity of land owned by the said party of the second part, being the same number of acres off from the east side of the south-east fractional quarter of section thirty-two, in township number four south of range number sixteen west, in the State of Michigan aforesaid, and county of Van Buren. Each party hereto is to give the other a full and perfect warranty deed of his land, as above described, on or before the first day of June, 1858, or within sixty days thereafter.

"The said party of the second part are also to break up, before the first day of December next, as much land on the land they exchange and heretofore belonging to them, as there is broken up on the north side of the highway on the land heretofore belonging to the party of the first part, which they receive in exchange as aforesaid, and on or before the first day of May next are to fence as much land on the above described land which the party of the first part receives, as there is now fenced on the land they receive; and are also to furnish lumber for the doors and flooring for a. house the same size as that on the land they receive. Either party forfeiting the above contract, by failing to comply therewith, is to forfeit to the opposite party the sum of fifty dollars, as liquidated damages for the non-performance thereof.

"In witness whereof, said parties have hereunto set their hands and seals, the day and year first above written." (Signed and sealed by the parties).

The bill states that the reason why an exchange of deeds was not made at the date of the contract, was that said Liba had not then a title to that to be conveyed by him, but held under a contract of purchase from one Lawrence.

That complainants took possession of the lands to be conveyed to them, except of the house thereon, and have since occupied and worked the same, and Litchfield has occupied and worked the land so to be conveyed to him.

That complainants "did break up and fence the land as agreed in said contract, within the time therein agreed upon, and said Litchfield has, since the date of said contract, been in the sole occupancy and possession of the same, and put in and cultivated and harvested crops thereon, and exercised all the acts of ownership and control of the whole thereof to this date." "That they did also furnish the lumber for the doors and flooring for house, as agreed in said contract; that the same was not received by said Litchfield at the time, as said Litchfield then said he did not want to use it then, and that he then agreed to notify complainants of the time when he should want it; that he should not want it until some time this fall. But they say and aver, that they have kept said lumber on hand, both at the time agreed upon and up to this time, and have been ready and willing to let said Litchfield have the same at any and all times, and of which readiness said Litchfield has been at all times informed, and that no such notice has been given to your orators by said Litchfield."

They say "and aver, that said contract, and all things therein contained, by them to be done or performed, have been by them done and fully performed, as therein agreed; and that within the time agreed upon, to wit: on the thirtieth day of July, 1858, and of which time and place they had given said Liba L. Litchfield more than five days' notice; that they met at the office of N. B. Hollister, in the village of Dowagiac, in said county, that being the place where said contract was entered into, and being also the place at which complainants and Litchfield had, at the time of entering into said contract, agreed upon for the purpose of exchanging deeds, and that they then and there made and executed, ready for delivery to Litchfield, a warranty deed of the land which they had exchanged with Litchfield as aforesaid, which deed was signed and acknowledged by them and their wives, and left with

said Hollister to be delivered to Litchfield upon his complying with the conditions of said contract, on his part to be performed, and of which performance of said contract on their part they duly notified said Litchfield on the next day.

That Litchfield did not attend at the time and place so appointed for the exchange of deeds, nor at any other time, but has wholly and entirely neglected and refused to perform his contract, and to convey said land to complainants as agreed by him in said contract, and for the purpose of defrauding complainants, has caused the land which was to be conveyed to complainants, to be deeded by said Lawrence to said Sarah Litchfield, the wife of said Liba, without consideration except that paid by said Liba to said Lawrence, and with full notice of the existence of the contract between her husband and them.

The bill prays that the deed to said Sarah be declared fraudulent and void, and that defendants be decreed to convey the lands to complainants in accordance with the contract.

To this bill Sarah Litchfield demurred, on the ground that not being a party to the contract, she could not properly be made a party to the bill. The other defendant also demurred, and assigned the following causes:

*First.* There is no allegation that at the time when said exchange was to be made, or at any other time, said complainants were seized, in fee simple, of a sure and indefeasible estate in the land to be conveyed by them, or that the same was free from incumbrance.

*Second.* There is no allegation they tendered the deed executed by them to the defendants, or tendered to said defendants a deed for the conveyance of their land to complainants, and requested defendants to execute and acknowledge the same.

*Third.* There is no allegation showing how said complainants performed the stipulations for breaking and fencing to be done by them.

*Fourth.* It appears from complainants' bill that defendants are husband and wife, and it further does not appear that the wife, Sarah, is unwilling to convey any estate she may have in the land, or that she has ever been requested to convey to said complainants, or that she is a party in any manner or degree to the fraud charged.

*Fifth.* That said bill ought at least to have contained an averment that said defendant, Sarah, is ready and willing to convey her right of dower which she would have had in said land had the same been conveyed, as agreed, to her husband.

*Sixth.* That the relief prayed for, viz: that said defendants be divested of all estate in said land, and then be compelled to convey the same to said complainants, is absurd and impossible, and is not in accordance with the case made by the bill, which is for the specific performance of a contract set out therein."

The demurrers were overruled, and the defendants then put in their joint answer.

The answer admits the contract for exchange of lands, &c., set up in the bill; denies that the complainants did the breaking and fencing, or furnished the lumber as agreed; denies that any deed of conveyance on the part of complainants was ever actually tendered to them, or any deed on their part ever demanded of them; claims that a survey was to be made before execution of conveyances, and that the same has not been done; admits the conveyance to the defendant, Sarah, and that she received the same with notice of the said contract, but claims that such conveyance was made to her for the purpose of securing to the said Liba and his family a homestead.

They also say: "Said defendants admit that said Liba L. Litchfield has not conveyed to complainants, for the reason that said complainants have not performed on their part: and they admit said Lawrence conveyed said land to said Sarah Litchfield, but not for the purpose or with

the intent charged in complainants' bill, but for the pur-
pose and with the intent of securing to himself and family
a homestead, either in said land, or in the land to be
conveyed by complainants.

"Said defendants further say, that in the month of
March, A. D. 1858, said Liba L. Litchfield, for the purpose
of ascertaining complainants' title to the land they pro-
posed to convey to him, went to the town of Paw Paw,
in the county of Van Buren,. in which said land lies, and
caused an examination to be made by some person in the
office of the register of deeds for said county, of the
records of deeds, and that from said examination it appeared
that complainants had no title in or to said premises,
nor could said Liba ascertain in whom the title to the
land vested."

A general replication was filed, and proofs taken by
both parties. It is deemed unnecessary to give any fur-
ther statement of the evidence than is contained in the
opinion. The description of land contained in the deed
executed by complainants to Liba L. Litchfield, as stated
in the bill, is as follows: that "piece or parcel of land
situate and being in the county of Van Buren and State
of Michigan, and described as (supposed to be) thirty-
eight acres of land off from the east side of the south
east fractional quarter of section number thirty - two, in
township number four south of range number sixteen west,
being the same number of acres off from said east side
of said south-east fractional quarter of said section as there
is in the west part of the south-east fractional quarter of
section number four, in township number five south of
range number sixteen west, in the county of Cass and
State aforesaid, heretofore owned and occupied by said
Litchfield, and in exchange for which this conveyance is
made, be the same more or less."

The Circuit Court made a decree in accordance with
the prayer of the bill, and defendants appealed.

DAILY *v.* LITCHFIELD.

*J. W. Longyear* and *N. B. Hollister*, for complainants.

*D. Blackman*, for defendants, insisted, among other things, that the parties by liquidating the damages, have, by the contract, provided what the remedy should be : — 21 *Penn.* 50. The Court has therefore no jurisdiction to grant specific performance : — 1 *Hemp.* 245 ; 2 *Jones*, 267 ; 4 *Md.* 59. Also that it was complainant's duty to have made and tendered a deed to Sarah Litchfield : — 6 *Rich Eq.* 324. And to have given her notice of their readiness to perform : — 9 *S. & M.* 207. And to demand the deed from her.

CHRISTIANCY J. :

The demurrer of Sarah Litchfield was not well taken. She and her husband were both necessary parties to the case made by the bill ; the husband, as the party to the contract, and the wife by wrongfully taking a conveyance to herself of the land which by the contract was to be conveyed to complainants.

The demurrer of Liba Litchfield was also properly overruled. He assigns six distinct causes of demurrer, which, without repeating them, may be answered in their order.

1. The bill alleges the land to be owned by complainants in fee simple. This is a sufficient averment of title, especially as the contract contained no special stipulations in reference to any particular kind of title, or the evidence by which it was to be shown.

2. The facts and circumstances set forth in the bill are equivalent in this case to a tender of complainants' deed to defendant, Liba Litchfield, and a direct request to defendants to execute a deed to complainants. It was not necessary for complainants to prepare the latter and present it to defendants for execution.

3. We are aware of no rule or principle of pleading requiring a more specific allegation of the mode of performance, or of the manner in which the clearing or fencing was done.

4. It was unnecessary to allege that Sarah (the wife) was requested to convey before suit brought. Having wrongfully taken the conveyance to herself with full notice of complainant's rights, and without any consideration, she stood only in her husband's rights, and must be bound by the request made upon him. Her taking the title under the circumstances stated in the bill was a fraud upon complainants.

5. It was not necessary to allege in the bill that the wife was willing to convey her right of dower. The title never having vested in the husband, there can be no question of dower in the case. Had the title been conveyed to the husband instead of the wife, it might have been necessary to determine whether the prior equities of complainant under the contract should or should not prevail over her contingent right of dower.

6. The sixth and last ground assigned relates to mere matter of form, and would be cured by the general prayer had it been in itself a defect of substance.

This disposes of all the causes of demurrer assigned. One objection, however, was taken on the argument which, if well founded, would defeat all relief by way of specific performance, and as the objection is raised on matter apparent on the face of the bill, it may be appropriately considered under the demurrer. It is insisted by the counsel for defendants that, by the terms of the contract set out in the bill, the parties have agreed upon the stipulated damages which either party is to pay in case of a breach; that these damages are agreed upon as a substitute for performance; and therefore that either party had the option to perform or to pay the fifty dollars agreed upon.

It is sufficient answer to this to say that, though the parties have called this sum stipulated damages, yet as it applies to several different stipulations of very different degrees of importance, and by the terms of the stipulation would be payable equally on the failure to perform the

least as of that to perform the most important, or the whole of them together, it is, in legal effect, but a penalty, and not stipulated damages; since it is evident the parties themselves could not have treated it as a mere compensation for actual damages: — *Jaquith v. Hudson*, 5 *Mich.* 123. As a penalty, it is no objection to specific performance: *Dart on Vend. & Pur.* 496 *and note* 1. We must therefore consider the case on pleadings and proofs.

The bill, as we have seen, contains a sufficient allegation of the title of complainants: if the defendants intended to deny it, or to insist upon incumbrances as an objection to performance, they should, by their answer, have put the title in issue, or alleged encumbrances (and the burden of proof would be upon them: — *Dwight v. Cutler*, 3 *Mich.* 566). But instead of this, they have rested their refusal or failure to convey upon another and distinct ground, the non-performance by complainants of their part of the contract, not stating the want of title, nor encumbrances, as even one of the reasons for the refusal to convey.

It is true, that after having rested their refusal expressly upon the ground of non-performance by complainants, the defendants in another part of the answer "further say," "that said Liba Litchfield, for the purpose of ascertaining complainants' title to the land," "caused an examination to be made by some person in the office of the register of deeds for said county, of the records of deeds, and that, from said examination, it appeared that complainants had no title in or to said premises, nor could said Liba ascertain in whom the title to the land vested." Whatever effect this loose allegation of a hearsay examination might have had if set forth as one of the reasons for refusing a conveyance, yet standing alone as it does, and the defendants not appearing to have sufficient confidence in the examination to enable them to express even a belief as to its correctness, or of the want of title in complainants, we do

not think it a sufficient denial of title to put the question in issue; and it is entirely silent as to encumbrances.

But had the defendants properly alleged encumbrances and a want of title, no defect of title, nor any encumbrance, is shown by the evidence. The tax title, the prior existence of which was shown only by complainants' evidence, was also shown to have been conveyed to complainants before the time when by the contract the deeds were to be exchanged, and before the conveyance executed by complainants. A release of mortgage is returned with the evidence, dated after the commencement of the suit, but its prior existence is not otherwise shown, nor does the evidence show that the mortgage ever affected or related to the land complainants had agreed to exchange.

The question of performance is therefore the main question in this case; and though the direct evidence of the manner of performance is somewhat conflicting, yet when taken in connection with the fact that Litchfield made no objection at the time to the manner in which the clearing and fencing was done, though present and aware of all the facts, his admissions and conduct, and his long acquiescence— never objecting to the mode of performance till called on to convey—the evidence we think satisfactorily shows a substantial performance by the complainants.

The defendants, in their answer, insist that a survey was to be made prior to an exchange of conveyances, and it was urged upon the argument that such survey was a necessary pre-requisite to a proper conveyance, and that the description contained in the deed executed and ready to be delivered by complainants was bad for uncertainty.

The contract calls for no survey, and we see no necessity for it before the execution of the deed. All that was necessary was such a description in the deed of complainants that the land described might be identified by a survey. This could easily be done here by first ascertaining the quantity in the lot Litchfield had agreed to convey, and

then surveying off a tract of equal quantity from the east part of the south - east fractional quarter of section thirty-two (defendant's land) in such manner that the tract so surveyed off should be bounded on the west by a north and south line; and such is the legal effect of the description in the deed executed by complainants. The description is made good by the reference it contains to the other tract.

The decree of the Court below must be affirmed, with costs.

The other Justices concurred.