WESTERN GAS CONSTRUCTION CO. *v.* DOWAGIAC GAS & FUEL CO.[1]

DAMAGES—LIQUIDATED DAMAGES—PENALTY.

> A contract for the construction of a gas plant at a cost of $11,-438, stipulating that for delay in completion beyond a certain date the contractor shall forfeit $25 per day, provides for liquidated damages and not for a penalty, notwithstanding the use of the word "forfeit."

Error to Cass; Carr, J. Submitted June 20, 1906. (Docket No. 75.) Decided October 1, 1906.

Assumpsit by the Western Gas Construction Company against the Dowagiac Gas & Fuel Company on a building contract. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*John Wooster*, for appellant.

*James H. Kinnane*, for appellee.

OSTRANDER, J. A contract to furnish and install certain apparatus for the manufacture of gas in a plant, the buildings for which and certain foundations for apparatus were to be constructed by the owner, contained the following:

"The aforesaid apparatus and holder to be ready for gas August 15, 1902. The contractor will forfeit $25.00 for every day that above is not ready for gas beginning September 1, 1902, labor troubles excepted."

The contract called for the payment of $11,438, and the owners paid all of this but $1,450. In a suit by the contractor to recover the balance, defendant, under proper pleadings, introduced testimony tending to prove delay of

---

[1] Rehearing denied December 21, 1906.

plaintiff in completing the contract for a period of 58 days after September 1st, and that defendant was actually and materially damaged by the delay. The jury were instructed that the testimony was undisputed upon the subject of the period of and sole responsibility for the delay, and were directed to render a verdict of no cause of action. Following a judgment entered upon a verdict so rendered, plaintiff has brought the record of the proceedings into this court, in which he assigns six errors. Two of the alleged errors relate to the overruling of objections to the evidence of plaintiff, and four to the rulings of the court above referred to. At the hearing, it was insisted by counsel for appellant that there was testimony tending·to prove that the responsibility for the delay in completing the contract rested, in whole or in part, with defendant, and that a question of fact was presented which should have gone to the jury. We do not find such testimony nor any from which such an inference may be drawn, nor was any error committed in receiving testimony. We pass, therefore, to the objections which involve the validity and the construction of the contract.

While the language of the contract is "will forfeit" instead of "will pay," we are not for that reason driven to the position that an absolute infliction of a penalty, regardless of the nature or extent of the cause of the stipulated default or the extent of resulting injury, was intended instead of a provision for compensation for damages likely to result from such default. And when the testimony and all circumstances surrounding the making of the contract are considered, they leave no doubt that the agents of both contracting parties understood that they were stipulating for damages likely to result from default of the contractor and not for a penalty or forfeiture as such. Under date August 8th, and again under date August 25th (the contract is dated March 6, 1902, and gas was first turned on October 31, 1902), defendant wrote to plaintiff a letter, in which the default and the result thereof are described and attention directed to the

contract stipulation for damages, and in the first letter the purpose to enforce the stipulation is plainly expressed. The right to do this was not challenged. The damages were necessarily uncertain as to amount, and not easy of ascertainment. The sum agreed to be paid is not, in the light of all the facts, out of proportion with the probable or presumable damage to occur. Whatever damage resulted was necessarily continuing. The trial court was not in error in his ruling as to the effect and force of this clause of the contract. This disposes of the contentions of appellant.

The judgment is affirmed.

CARPENTER, C. J., and McALVAY, MONTGOMERY, and MOORE, JJ., concurred.