ROSS *v.* LOESCHER.

1. DAMAGES—STIPULATED DAMAGES—PENALTY—DISTINCTION.
Courts will disregard the express stipulation of parties as to
the damages for breach of a contract, only in those cases
where it is obvious from the contract before them, and the
whole subject-matter, that the principle of compensation has
been disregarded.

2. SAME — NATURE OF CONTRACT — DIFFICULTY OF DETERMINING
DAMAGES.
In cases where it is difficult to accurately determine the dam-
ages which one party may suffer by the failure of the other
to perform his contract, the parties themselves may agree
upon such sum as in their judgment will be ample compen-
sation for the breach.

3. SAME—BUILDING CONTRACT—EXCESSIVENESS.
A provision in a building contract to forfeit $20 per day for
failure to complete repairs on a dwelling house within the
contract period is not per se excessive so as to amount to a
penalty.

4. SAME—LANGUAGE USED—FORFEIT—EFFECT.
The use of the word "forfeit" does not necessarily imply a
penalty.

5. CONTRACTS—CONSTRUCTION—FULFILLMENT—QUESTION FOR JURY.
Where a building contract providing a forfeiture for failure
to complete the work within the contract period contains the
provision that "if work is pushed, a few days of grace will
be allowed," it is not for the court to say that a delay of 13
days was the few days contracted for, since the question de-
pends upon the character of work to be done, the time nec-
essary to do it, and the circumstances surrounding the trans-
action.

6. SAME—FORFEITURE—WAIVER.
The provision for a few days of grace was not a waiver of the
provision for damages, since by its terms it was a waiver only
if work was pushed, upon which there was a conflict of evi-
dence.

Error to Muskegon; Davis, J., presiding. Submitted

January 21, 1908.   (Docket No. 102.)   Decided May 1, 1908.

Assumpsit by George R. Ross against Otto Loescher for goods sold and delivered. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

*Cross, Lovelace & Ross,* for appellant.

*Turner & Turner,* for appellee.

The defendant was overhauling the interior of his residence, and in June, 1905, he made a contract with plaintiff for certain building material to be used in finishing the interior. The contract rested in parol. Plaintiff produced a statement of the material proposed to be furnished. It was not signed by either party, and no price was mentioned. Subsequently $825 was the price agreed upon, and it was evidently the intention that the material should be furnished some time during or before September. Some extras were furnished, and subsequently plaintiff furnished to defendant material for building a porch and some outside work. The material furnished for the porch amounted to $270.69. Three hundred dollars was paid by defendant August 30th. On September 27th a written contract was made, defendant refusing to make any further payments until he had a contract in writing. In this contract plaintiff agreed to furnish all the material for the interior by the 10th of October, 1905, "or forfeit the sum of $20 a day for every day's delay thereafter. If work is pushed a few days of grace will be allowed." Defendant then paid plaintiff $300.

Plaintiff did not furnish all the material until 13 days after the 10th of October. Plaintiff brought this suit to recover the balance due on the first contract. The court directed a verdict for the amount of his bill, over which there was no controversy.

Grant, C. J. (*after stating the facts*). The court held that the $20 per day was a penalty, and could not have been considered by the parties in the nature of compensation. This presents the most important question in the case. It is ably and fully discussed by Christiancy, J., in *Jaquith* v. *Hudson*, 5 Mich. 123. It was there said that "there is some conflict and more confusion in the cases." But the principle is there established that courts will "disregard the express stipulation of parties, *only* in those cases where it is obvious from the contract before them, and the whole subject-matter, that the principle of compensation has been disregarded." See, also, *Ward* v. *Hudson River Building Co.*, 125 N. Y. 230; *Hennessy* v. *Metzger*, 152 Ill. 505; *Wilcus* v. *Kling*, 87 Ill. 107; *Western Gas Construction Co.* v. *Dowagiac Gas & Fuel Co.*, 146 Mich. 119.

In cases where it is difficult to accurately determine the damages which one party may suffer by the failure of the other to perform his contract, the parties themselves may agree upon such sum as in their judgment will be ample compensation for the breach.

The defendant desired the possession of his house at a specified time. The plaintiff understood and contracted with reference to this. He had not complied with his first contract as to time. Cold weather was approaching. The damages which a householder would naturally suffer under such circumstances cannot be estimated by the amount of the contract or the rental value of the house. The purpose for which the building is to be used, the necessity for having the work done within the prescribed time and the indirect as well as direct damages to a householder desiring to move into his house before cold weather, are elements which the parties to such a contract take into consideration. It would be difficult under such circumstances to accurately determine the damage which the householder might receive in being compelled to store his goods and to live at a hotel or boarding-house. We cannot therefore hold that the amount is per se excessive

and a penalty.  The use of the word "forfeit" does not necessarily imply a penalty (*Western Gas Construction Co.* v. *Dowagiac Gas & Fuel Co.*, supra), and the circumstances were not such as to justify the court in holding, as a matter of law, that it was a penalty.  For cases holding that the stipulated amount was a penalty rather than a fixed compensation, see *Trustees of First Orthodox Congregational Church* v. *Walrath*, 27 Mich. 234; *Myer* v. *Hart*, 40 Mich. 517, 523; *Daily* v. *Litchfield*, 10 Mich. 29; *Davis* v. *Freeman*, 10 Mich. 188; *Cochran* v. *Railway Co.*, 113 Mo. 359; *Condon* v. *Kemper*, 47 Kan. 126 (13 L. R. A. 671).

Where the provision is held to be a penalty the defendant is entitled to recover his actual damages.

A more doubtful question arises out of the stipulation in the contract that "If work is pushed, a few days of grace will be allowed."  We think it was not for the court to say that 13 days was the few days of grace contracted for.  The question depends upon the character of the work to be done, the time necessarily required in doing it, and all the circumstances surrounding the transaction.  The question should have been submitted to the jury.

The court also held that this provision for a few days of grace was a waiver of the provision for damages.  No reason was given for the holding, and we are unable to suggest any.  It was a waiver of damages only if the work was pushed, and upon this point there is a conflict of evidence.

Two other questions are raised, but the ruling of the court thereon was correct, and they are not of sufficient importance to discuss.

Judgment reversed, and new trial ordered.

Montgomery, Ostrander, Hooker, and Carpenter, JJ., concurred.