ANN ARBOR ASPHALT CONSTRUCTION CO. *v.* CITY OF HOWELL.

1. DAMAGES—STIPULATED DAMAGES, ESSENTIAL ELEMENTS.

Stipulated damages for the breach of a contract, to be sustained as such, must not exceed just compensation for the damages, which must be uncertain in their nature and difficult to be ascertained.

2. SAME — PAVING CONTRACT—STIPULATED DAMAGES FOR DELAY—VALIDITY.

A provision in a contract for paving six separate areas at a price of $87,000 that the contractor should pay to the city the sum of $20 per day for every day that the improvement remained uncompleted, *held*, to provide for stipulated damages rather than a penalty, since the damages are uncertain in their nature and difficult to be ascertained, and the sum provided is no more than compensation for the damages of the city for delay in construction of the pavement as a whole or of any unit of it, regardless of the fact that the contract is for the performance of several stipulations of different degrees of importance, and one sum is made payable on the breach of any one or of all of them.

Error to Livingston; Collins (Joseph H.), J.   Submitted January 30, 1924.   (Docket No. 53.)   Decided April 10, 1924.

Assumpsit by the Ann Arbor Asphalt Construction Company against the city of Howell for a balance due on a paving contract.   Judgment for plaintiff.   Defendant brings error.   Reversed.

On effect of character of sum agreed upon for breach, as a penalty or liquidated damages, or single or multiple stipulations in contract, see note in L. R. A. 1915E, 373.

On stipulation for damages for building contract as penalty or liquidated damages for breach of one of several stipulations, see note in 34 L. R. A. (N. S.) 599.

*Don W. Van Winkle* and *F. J. Shields*, for appellant.

*Louis E. Howlett* (*Cavanaugh & Burke* and *Henry C. Bogle*, of counsel), for appellee.

CLARK, C. J.    The question presented for decision by defendant's assignments of error is whether the court erred in holding that $20 per day after contract time was a penalty rather than stipulated damages. Plaintiff sued on a contract for paving, claiming balance due of $2,660.    Defendant city withheld the amount as damages for 133 days' delay in completing the contract, at $20 per day.    Under the contract there were six separate areas to be paved, three areas on Michigan avenue, the main street of the city, being 73 per cent. of the yardage, two blocks on Clinton street 8 per cent. of the yardage, two blocks on State street 13 per cent. of the yardage, and one block on Sibley street 6 per cent. of the yardage.    The contract price was $87,000.    The estimated cost of paving was nearly $70,000, and the estimated cost of tile, manholes, catch basins, etc., was nearly $17,000.    We quote from contract:

"For every day that the work remains uncompleted after the above specified time for completion, the contractor shall pay to said city the sum of 20 dollars per day, it being specifically understood and agreed by the parties to this contract that this is the amount of damages sustained by said city for every day that the improvement remains uncompleted after the above specified time for completion."

Under the contract the city had the right to use completed portions of the pavement before final acceptance.    The trial judge declined to direct a verdict for defendant, held the contract provision to be a penalty rather than stipulated damages, and submitted a question of defendant's actual damages to the jury. Plaintiff had verdict and judgment for $2,151.32.

An  essential  element  of  stipulated  damages  is

present.   The parties in their stipulation had regard
for the principle of just compensation.   *Jaquith* v.
*Hudson,* 5 Mich. 123.   Had the contract been for the
Sibley street paving alone, the smallest unit, to cost
nearly $5,000, we think that $20 per day would have
been no more than compensation to the city and its
inhabitants for damages for delay in completing the
work.   Of course, that would be true also of the other
and more important units of paving and of the whole
as a unit.   See *Central Bitulithic Paving Co.* v. *City
of Mt. Clemens,* 143 Mich. 259; *Superior Steel Spring
Co.* v. *Specialty Co.,* 215 Mich. 594; *Western Gas Con-
struction Co.* v. *Dowagiac Gas & Fuel Co.,* 146 Mich.
119 (10 Ann. Cas. 224).

Another important element of stipulated damages
is also present, namely, that damages for a breach,
delay in completing any unit of the paving, or the job
as a whole, are uncertain in their nature and difficult
to be ascertained.   *Jaquith* v. *Hudson, supra.*   Es-
pecially is this true of damages suffered by inhabitants
of the city.   See *City of Detroit* v. *Telephone Co.,*
135 Mich. 696; *Whiting* v. *Village of New Baltimore,*
127 Mich. 66; *Lamson* v. *City of Marshall,* 133 Mich.
250.

But it is urged that the contract is for the perform-
ance of several stipulations of different degrees of
importance and one sum is made payable on the breach
of any or all of them, and that, therefore, the sum
must be treated as a penalty; citing *Jaquith* v. *Hudson,
supra; Daily* v. *Litchfield,* 10 Mich. 29; *Decker* v.
*Pierce,* 191 Mich. 64; *Noble* v. *Sturm,* 210 Mich. 462.
The rule is often thus broadly stated, but the state-
ment admits modification.   This is a case where the
damages for breach are uncertain in their nature and
difficult to be ascertained, and where the sum agreed
upon is no more than compensation for delay in con-
structing any unit of paving or in completing the work
as a whole, and a delay in completing certain units

of the work, or the whole as a single unit, would be more serious than a like delay in completing other units, and one sum, $20 per day, is made payable on breach as to any or all units. Must we disregard the fact that the damages as to any unit are uncertain in their nature and difficult to be ascertained, and the further fact that the sum provided is in any event, as stated, not more than compensation, and hold the sum to be a penalty solely because the contract is for the performance of several stipulations of different degrees of importance, as stated, and the sum is made payable on the breach of any or all of them? The rule is thus stated in 1 Sedgwick on Damages (9th Ed.), § 413:

"A sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which the stipulated sum is an excessive compensation, is a penalty. The rule is not always fully stated in the cases; the court usually states only that part of the rule which is forcibly brought out by the facts under consideration. Thus it is sometimes laid down in a more specific form, that where the agreement binds the parties to the performance of several matters of different degrees of importance, and one of the stipulations contemplates the payment of a sum of money less than the sum fixed as security, the latter is to be regarded as a penalty; sometimes that where the agreement binds the parties to the performance of several matters of different degrees of importance, in a sum made payable for the nonperformance of any or either of them, it must be regarded as a penalty. But it is very difficult to see how a mere difference of degree in the importance of the stipulations can of itself affect the question, provided the damages are uncertain or difficult of computation, unless indeed the difference creates that glaring sort of disproportion between the injury likely to arise from a breach and the stipulated remedy, which enables the court to say at once that the parties could not have intended such a result, or

that it would be unjust to allow this expressed intention of the parties to govern."

The rule is stated in 2 Joyce on Damages, § 1307:

"Where in a contract which provides for the performance of several acts of different degrees of importance there is a stipulation that one designated sum shall be paid in case of a breach of the contract, and the actual damages for part or all of the breaches can be computed, and the sum designated would be excessive for any of the breaches, such sum will be regarded as a penalty and not as liquidated damages."

And in *Jaquith* v. *Hudson, supra:*

"The violation, or disregard of this principle of compensation, may appear to the court in various ways,—from the contract, the sum mentioned, and the subject-matter.   Thus, where a large sum (say one thousand dollars), is made payable solely in consequence of the non-payment of a much smaller sum (say one hundred dollars), at a certain day; or where the contract is for the performance of several stipulations of very different degrees of importance, and one large sum is made payable on the breach of any one of them, even the most trivial, the damages for which can, in no reasonable probability, amount to that sum:   In the first case, the court must see that the real damage is readily computed, and that the principle of compensation has been overlooked, or purposely disregarded; in the second case, though there may be more difficulty in ascertaining the precise amount of damage, yet, as the contract exacts the same large sum for the breach of a trivial or comparatively unimportant stipulation, as for that of the *most* important, or of *all of them together*, it is equally clear that the parties have wholly departed from the idea of just compensation, and attempted to fix a rule of damages which the law will not recognize or enforce."

We quote syllabus of *Wilson* v. *Godkin,* 136 Mich. 106:

"The fact that a provision in a contract of employment, for the retention of wages by the employer until its completion, was intended to cover different breaches

of varying importance, is not conclusive that it was not based upon the theory of compensation, but was designed as a penalty."

See, also, 8 R. C. L. pp. 571, 572; 17 C. J. p. 952; 38 L. R. A. (N. S.) 847; L. R. A. 1915E, 373; 34 L. R. A. (N. S.) 599; *Trustees of Congregational Church* v. *Walrath*, 27 Mich. 232; *Cotheal* v. *Talmage*, 9 N. Y. 551 (61 Am. Dec. 716). And see note, *Graham* v. *Bickham*, 1 Am. Dec. 331, and note, *Stillwell* v. *Paepcke-Leicht Lumber Co.*, 108 Am. St. Rep. 57.

We do not attempt to reconcile all cases cited by counsel in the briefs. Each of our own cases cited was correctly decided on the facts of the particular case, so much of the rule as was necessary to dispose of the case on the facts being stated.

The damages for delay in constructing the pavement, or any unit of it, being uncertain in their nature and difficult to be ascertained, and the sum provided by contract being no more than compensation for damages of the city and its inhabitants for delay in construction of the pavement as a whole or of any unit of it, the sum is held to be stipulated damages, and not a penalty, and this regardless of the fact that the contract is for the performance of several stipulations of different degrees of importance and one sum is made payable on the breach of any one or of all of them. A verdict should have been directed for defendant.

Judgment reversed, with costs to defendant. New trial granted.

BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. McDONALD, J., did not sit.