FEDERAL ELECTRIC CO. *v.* NATIONAL SERVICE STATIONS.

1. DAMAGES—WHEN DESIGNATED SUM REGARDED AS PENALTY RATHER THAN LIQUIDATED DAMAGES.

Where in a contract which provides for the performance of several acts of different degrees of importance there is a stipulation that one designated sum shall be paid in case of a breach of the contract, and the actual damages for part or all of the breaches can be computed, and the sum designated would be excessive for any of the breaches, such sum will be regarded as a penalty and not as liquidated damages.

2. SAME—BREACH OF CONTRACT—LIQUIDATED DAMAGES—PENALTY.

Provision for payment of certain sum in case of breach of any of several conditions of contract to pay for and keep electric sign amounted to penalty rather than liquidated damages, where actual damages for breach could readily be measured, and sum provided would be excessive for the breach of some of the conditions.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 12, 1931. (Docket No. 98, Calendar No. 35,621.) Decided October 5, 1931. Rehearing denied December 8, 1931.

Assumpsit in common pleas court by Federal Electric Company, Inc., a Michigan corporation, against National Service Stations, Inc., a Michigan corporation, on a contract for an electric sign. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed.

*Roy W. Bonam* (*Donald I. Albaugh,* of counsel), for plaintiff.

*Lynch & Hinks* (*Dale H. Fillmore,* of counsel), for defendant.

Fead, J. Plaintiff had judgment for $500, consisting of $90 due, $405 as liquidated damages, and $5 interest. The question is whether the $405 represented liquidated damages or penalty.

In 1929, under written contract, plaintiff installed in defendant's station an electric sign containing the one word "gas;" and agreed to service it. Defendant engaged to keep it for five years and pay plaintiff $15 per month, upon which payment and at the expiration of which time title would pass to defendant. After paying $140, defendant defaulted in payments and suggested that plaintiff remove the sign if it desired. The sign was cut off by plaintiff for nonpayment and this suit commenced.

The contract provides that, on breach of any of its conditions, plaintiff may remove the sign, and, in addition, defendant shall pay it on demand 60 per cent. of the monthly payments that would accrue during the unexpired portion of the agreement, which are declared to be liquidated damages, not a penalty, and agreed upon as plaintiff's actual loss. The conditions upon which the sum is payable are: (1) Default in payment of any monthly rate; (2) neglect or refusal to receive the sign; (3) happening of any contingency whereby plaintiff should feel insecured or the sign be placed in jeopardy; (4) circumstances requiring cancellation of the agreement; (5) defendant's removing the sign from the address where delivered; or (6) using it so as to injure or impair it; or (7) permitting any other person to obtain custody or control of it; (8) defendant failing to promptly pay when due taxes, assessments or public charges on the sign.

The testimony did not indicate that the sign was of a special nature preventing its sale to or use by any other person vending gasoline. It is apparent

that the cost of the sign, of its installation and up-keep, and the profit therefrom are susceptible of proof and computation, so that compensation for a breach may be readily measured. It is also clear that the amount of damage contracted would be excessive for the breach of some of the conditions. The case is governed by the rule:

"Where in a contract which provides for the performance of several acts of different degrees of importance, there is a stipulation that one designated sum shall be paid in case of a breach of the contract, and the actual damages for part or all of the breaches can be computed, and the sum designated would be excessive for any of the breaches, such sum will be regarded as a penalty and not as liquidated damages." *Lemberg* v. *Visnaw*, 235 Mich. 333.

See, also, *Ann Arbor Asphalt Construction Co.* v. *City of Howell*, 226 Mich. 647; *Noble* v. *Sturm*, 210 Mich. 462; *Daily* v. *Litchfield*, 10 Mich. 29.

Judgment reversed, and cause remanded for entry of judgment for $90 and interest, with costs of both courts to defendant.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.