HALL *v.* GARGARO.

1. CONTRACTS—STIPULATED DAMAGES FOR BREACH.
   One test as to whether a provision for stipulated damages for breach of a contract is enforceable is the reasonableness of the amount.

2. DAMAGES—STIPULATED DAMAGES FOR BREACH OF CONTRACT.
   Where damages are difficult of ascertainment, courts will respect the honest attempt of the parties themselves to compute as best they can the just compensation from loss of the bargain by breach.

3. SAME—STIPULATED DAMAGES FOR BREACH OF CONTRACT—PENALTY.
   Before accepting as conclusive the convention of the parties stipulating damages for breach of their contract, it must be examined, and the court must determine whether the predetermined figure is really in the nature of an attempted computation of the actual damages likely to result or whether it has the effect of exacting a penalty from the contract breaker.

4. SAME—STIPULATED DAMAGES—DELAY IN COMPLETION OF STORE BUILDING.
   Provision of store building contract that contractor would pay $10 a day damages to owner for each day's delay beyond contract date of completion *held,* a fair attempt to estimate the actual damages, the building consisting of two stores, one of which was leased before the completion date.

5. CONTRACTS—TIME OF PERFORMANCE.
   It is not competent, by pleading a change of circumstances from those the parties contemplated and engaged with reference to as to time of performance, which always forms an essential element in every contract, to substitute a new condition and different time.

6. SAME—DELAY IN PERFORMANCE—EXCUSE.
   Under contract for erection of a completed building to contain' two stores, the contractor may not excuse delay in perform-

Liquidated damages and penalties, see 1 Restatement, Contracts, § 339; for delay in completion of building contract, § 346 (1) (b).

ance beyond contracted date for completion because of unforeseen shortages of material, governmental regulations, labor difficulties or because defendant owner agreed to furnish certain material, where the delay was not caused by anything over which defendant had control and contract did not excuse delay on grounds mentioned.

7. SAME—DELAY IN PERFORMANCE—STIPULATED DAMAGES—WAIVER.
    Owner was entitled to benefit of provision of store construction contract that contractor pay a stipulated sum for each day's delay beyond date set for completion where it appears that although the parties agreed as to the net cost of the building there was no proof that the owner's right to stipulated damages was considered or waived.

8. PLEADING—AMENDMENT—ABUSE OF DISCRETION—PRETRIAL HEARING—RECORD.
    Denial of motion to amend cross declaration to conform to proofs upon claim that some facts had not been discovered until after pretrial hearing and striking out testimony was an abuse of discretion where record on appeal contains no statement of the court, or any admissions or concessions of counsel thereat and no surprise was claimed by plaintiff nor continuance asked (3 Comp. Laws 1929, § 14144).

9. APPEAL AND ERROR—AMENDMENT OF PLEADINGS—RECORD.
    Consideration by the Supreme Court of a motion to amend pleadings and of the pleadings in a case is confined to the record before it.

10. CONTRACTS—BUILDING CONSTRUCTION—DAMAGES FOR BREACH.
    In action by contractor to recover balance alleged to be due under store building construction contract where plaintiff proved agreed unpaid amount under the contract, defendant owner was entitled to recover stipulated damages for non-completion according to the contract and such other damages for breach of it as he might prove where he had not waived such damages or agreed to pay plaintiff the amount which had been agreed upon as the unpaid balance.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 9, 1945. (Docket No. 34, Calendar No. 42,897.) Decided February 20, 1945.

Assumpsit by Gordon B. Hall against Don Gargaro on the common counts. Cross declaration by

defendant against plaintiff on building contract. Judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Myron H. Savidge (Howard L. Richards,* of counsel), for plaintiff.

*Dennis Boyle,* for defendant.

BOYLES, J. May 6, 1941, these parties entered into a written contract whereby plaintiff agreed to furnish all the material and labor and erect a store building for defendant at the corner of Livernois and Chippewa avenues in Detroit, for an agreed sum. The building was completed, defendant made payments on the contract but withheld an unpaid balance of $1,539.90, 15 per cent. of the total contract price, which defendant refused to pay, claiming stipulated damages of $10 per day for plaintiff's failure to complete the building within the contract time limit, and damages for failure to erect the building in accordance with the plans and specifications. Plaintiff filed a declaration on the common counts with bill of particulars and defendant filed a cross declaration claiming damages as aforesaid. The case was heard by the court without a jury. The *amount* of the unpaid balance was not in dispute. The lower court gave plaintiff judgment for the full amount of his claim with interest, and defendant appeals.

The contract was received in evidence. It provides for a time limit for completion, and stipulated damages for delay beyond the time allowed for performance, as follows:

"*Time of Completion*: The work to be performed under this contract shall be commenced within 5

days after the signing of the contract. The entire work shall be fully completed within 75 calendar days after the signing of contract. In the event of delay in the completion of the entire contract, the owner shall be paid damages for such delay in the sum of $10 for each and every day that the time consumed in said performance and completion exceeds the time herein allowed, and the owner shall have the right to deduct and retain the amount of such liquidated damages from any moneys due, or which may become due under this contract."

The record shows that the contract was signed May 6, 1941. The time within which work was to be completed, according to the contract (75 calendar days after May 6) ended July 20, 1941. Admittedly the work was not completed until some later date. There was testimony that the premises (consisting of two stores in one building) were partially occupied by one tenant on November 7, 1941, but not fully occupied until December 7, 1941, a period of 140 days. There was undisputed testimony that the defendant had tenants waiting for completion of the building. Ten days before the completion date defendant wrote plaintiff, as follows:

"July 10, 1941

"Mr. Gordon B. Hall,
"14773 Mettetal Ave.,
"Detroit, Michigan.

"*Dear Sir*:

"Under the terms of your contract for the construction of store building on Livernois Ave., and we refer you to paragraph 'Time of Completion' we wish to call your attention to this paragraph which states, The entire work shall be fully completed within 75 calendar days after the signing of contract. This would place the completion date as of July 20, 1941.

"Upon a recent inspection of the work, it would appear to the writer, that you are considerably behind schedule, and that steps should be taken by you immediately to speed up the work in order to complete same on time.

"We have given a lease on this building for tenancy upon completion of same. This means that in the event it is not completed by July 20, 1941, we will suffer a loss of rental.

"We call your attention to this matter, and urge, that all possible steps be taken in order that this building may be delivered to us within the specified time for completion.

"Yours very truly,
"DON GARGARO.
"By JOHN ROBINSON."

A test as to whether a provision for stipulated damages is enforceable is the reasonableness of the amount.

"Courts will disregard the express stipulation of parties as to the damages for breach of a contract, only in those cases where it is obvious from the contract before them, and the whole subject matter, that the principle of compensation has been disregarded.

"In cases where it is difficult to accurately determine the damages which one party may suffer by the failure of the other to perform his contract, the parties themselves may agree upon such sum as in their judgment will be ample compensation for the breach.

"A provision in a building contract to forfeit $20 per day for failure to complete repairs on a dwelling house within the contract period is not *per se* excessive so as to amount to a penalty." *Ross* v. *Loescher* (syllabi), 152 Mich. 386 (125 Am. St. Rep. 418).

This court has recently written on this question in *Nichols* v. *Seaks*, 296 Mich. 154, 161, where we said:

"Where damages are difficult of ascertainment, courts will respect the honest attempt of the parties themselves to compute as best they can the just compensation from loss of the bargain by breach. Before accepting as conclusive the convention of the parties, it must be examined, and the court must determine whether the predetermined figure is really in the nature of an attempted computation of the actual damages likely to result or whether it has the effect of exacting a penalty from the contract breaker."

The building in question was to provide two stores, for which tenants were ready to pay rent on the completion date. One of the stores had been leased before the completion date. The record is convincing that the figure of $10 a day for noncompletion was a fair attempt to estimate the actual damages.

In the contract itself we find no exception to plaintiff's agreement to complete the building by July 20th. Plaintiff sought to excuse performance by July 20th on the ground of unforeseen shortages of material, that he depended on the defendant to furnish certain material, government regulations, and labor difficulties. While defendant ordered some minor changes, they were expressly permissible by a clause in the contract, without extending time of performance. The contract required the plaintiff as contractor to furnish all material without exception, and to deliver a completed building by July 20, 1941. Plaintiff seeks to excuse his delay on the ground that it was caused by the defendant, but there is no evidence that the defendant caused shortages of material, government regulations, or labor troubles, which apparently were the cause of the delay. Plaintiff, although a contractor with years of experience and familiar with existing con-

ditions, did not protect himself in his contract against such contingencies. Plaintiff relies on *Johnson* v. *Lyon*, 75 Mich. 477. That case is little consolation for plaintiff, where this court said (p. 487):

"It is not competent, by pleading a change of circumstances from those the parties contemplated and engaged with reference to as to time of performance, which always forms an essential element in every contract, to substitute a new condition and different time."

Plaintiff also cites *Early* v. *Tussing*, 182 Mich. 314, but in that case the plaintiffs had a contract only for the mason and carpenter work on the building, and the defendant contracted to do the excavating, construct the area walls, and do all other things necessary to complete the building. The plaintiffs' failure to perform their contract on time was caused by the defendant's breach of his own part of the contract, which is obviously not the situation in the case now before us. Plaintiff in the instant case argues that the defendant, by continuous presence and inspection of the construction work, and failure to insist on his contractual right to stipulated damages, must be held to have waived the claim. It is true that at the time the parties reached an agreement as to the net cost of the building defendant's agent did not expressly claim stipulated damages, nor did he expressly disclaim or waive them. In the absence of any proof that defendant's right to stipulated damages was considered, discussed, talked about, or waived, we must hold that the plaintiff has failed to prove by a preponderance of the evidence that the defendant has agreed to a change in this plain requirement in the written contract. We find that the evidence clearly preponderates in favor of the defendant in that regard.

Defendant's cross declaration sets up that plaintiff had never fully completed his contract, in that the contract and specifications provided for steel mesh and marble sills which were omitted, ¾-inch celotex while plaintiff used ½-inch, stone coping where plaintiff substituted other material, wire lath joints which were omitted, two gas meters instead of one, and several other requirements, "and therefore said plaintiff has never completed the entire contract, and defendant has suffered damages by plaintiff's failure to build said building in accordance with the terms of the contract and plans and specifications." During the trial the defendant introduced testimony tending to establish such claim for damages. After much of it had been received without objection, counsel for plaintiff moved that part of this testimony as to certain claimed damages be stricken on the ground that the defendant (cross plaintiff) had not pleaded damages on the basis of those specific grounds. Counsel for the defendant asked leave to amend his cross declaration by adding these other elements to conform to the proofs, claiming some facts had not been discovered until after the pretrial hearing. Counsel for plaintiff did not claim surprise or ask for a continuance. The court denied the motion to amend, and struck out the testimony. This was an abuse of discretion. The amendment should have been allowed. 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838); *Jefferson Park Land Co.* v. *Wayne Circuit Judge*, 234 Mich. 341; *Gratiot Lumber & Coal Co.* v. *Lubinski*, 309 Mich. 662. In denying the motion to amend, the court made some reference to amendments allowed at a pretrial conference. The record before us contains no statement of court, or any admissions or concessions of counsel, made at any pretrial conference. We must limit our con-

sideration of the motion to amend, as well as consideration of the pleadings, to the record before us.

The lower court held that the plaintiff had proven that a balance of $1,539.90 had been agreed upon, had been adjusted between the parties, wherefore the defendant must be considered to have waived his contractual rights and entered into a promise to pay $1,539.90. We are unable to find this substantiated by the record. It is true that the plaintiff rendered two final statements to the defendant, differing somewhat in amounts. On December 30, 1941, plaintiff and defendant agreed that the total contract balance figured up to $10,266.06, on which plaintiff had received $3,000, leaving a claimed balance due him of $7,266.06. On January 8, 1942, the defendant paid plaintiff $5,726.16, withholding payment of $1,539.90, exactly 15 per cent. of the total amount claimed by plaintiff. It may be inferred that the parties reached an agreement as to the total amount of the contract, and the amount of credits allowed to defendant for material he had furnished. The record is barren of proof of any agreement on the part of the defendant, either oral or written, that he would pay $1,539.90, that he would waive the $10 per day stipulated damages, or waive any other claim for damages for failure to perform according to contract. On the contrary, plaintiff testified he subsequently called Mr. Robinson (who represented the defendant) several times, and was finally informed that plaintiff had only $339.90 coming to him. While plaintiff did not testify that Robinson, acting for defendant, agreed to waive the stipulated sums or any other claim, Robinson himself testified squarely that he did not agree to waive any claims on behalf of the defendant, did not agree to an adjusted contract, that he held back 15 per cent., that he later made an effort to compromise and settle the

matter, and finally offered to pay $339.90, deducting $1,200 as a compromise settlement of defendant's claims for stipulated and other damages. However, this offer was not accepted by plaintiff, who then started the instant suit.

While we recognize the advantage afforded the trial court in seeing and hearing witnesses, on this record there is no issue of credibility of witnesses, and the testimony of the parties and their witnesses, as well as the exhibits received, clearly preponderate in favor of the defendant, that the defendant did not at any time agree to waive his claims for damages, or agree to pay plaintiff $1,539.90 in full settlement. On the record before us, the defendant is entitled to recover stipulated damages for non-completion according to the contract and such other damages for breach of contract as he may prove.

Reversed and new trial granted, with costs.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.