MOORE v ST CLAIR COUNTY

Docket No. 58268. Submitted June 1, 1982, at Detroit.—Decided
October 7, 1982.

St. Clair County contracted with the DiLegge Construction Com-
pany and Roger L. Hewett Construction Company for a sewer
project which was to pass under land owned by William Moore
and his wife, Judith. The Moores initially refused to sign a
right of way agreement. Thereafter, the Moores signed the
agreement but only after typing in additional provisions re-
garding restoration of their property. The additional provisions
provided in part that the Moores should have the option of
either contracting to have their property restored should resto-
ration of the property exceed 90 days after the sewer work was
done or penalizing the county $25 per day for each day over the
90 days that the work was not completed to the Moores'
satisfaction. The county's agent recorded the agreement. There-
after, the county failed to comply with the time limitation. The
Moores effectuated restoration of their property 820 days after
the 90-day time limit had passed. The Moores filed suit in St.
Clair Circuit Court against St. Clair County. The county there-
after filed a third-party complaint against DiLegge, Hewett,
and United States Fidelity & Guarantee Co. The court, James
J. Corden, J., entered judgments on a jury verdict for the
plaintiffs and third-party plaintiff St. Clair County. The court
had instructed the jury that there was a valid and enforceable
contract, including the liquidated damages provision. The jury
was left to determine whether the contract had been breached
and, if so, the amount of damages. The county appeals. *Held:* .

The trial court did not err in finding, as a matter of law, that
the liquidated damages provision was valid and enforceable.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 528.
[2] 29 Am Jur 2d, Evidence §§ 687 *et seq.,* 1099.
   61A Am Jur 2d, Pleading § 32.
[3] 17 Am Jur 2d, Contracts § 355.
[4] 3 Am Jur 2d, Agency §§ 359, 360.
[5] 22 Am Jur 2d, Damages § 212.
[6] 22 Am Jur 2d, Damages § 213 *et seq.*

The trial court erred, however, by finding that a contract existed between the Moores and the county as a matter of law. The scope of actual authority of the county's agent and whether the county's filing of the agreement constituted acceptance of the plaintiffs' conditions are questions of fact. The case should be remanded for a new trial limited solely to the issue of whether a valid contract existed.

Affirmed in part and reversed in part.

1. APPEAL — RECORD — *EX PARTE* AFFIDAVITS.

The record of a case may not be enlarged on appeal by *ex parte* affidavits.

2. EVIDENCE — PLEADING — ADMISSION.

An averment or admission in an adversary's final pleading is competent evidence and can be introduced at the trial if relevant and material.

3. CONTRACTS — QUESTIONS OF FACT.

It is for the trier of fact to determine what the terms of an agreement really are where its terms are disputed.

4. AGENCY — QUESTIONS OF FACT.

A principal is responsible for the acts of his agent where the acts are done within the scope of the agent's authority; the existence and the scope of a relationship are questions of fact.

5. CONTRACTS — DAMAGES — LIQUIDATED DAMAGES.

The parties to a contract can stipulate in advance as to the amount to be paid in compensation for loss or injury which may result in the event of a breach of the agreement, such stipulation being enforceable if the damages from a breach are uncertain and difficult to ascertain at the time the contract is executed and the amount stipulated is reasonable with relation to the possible injury suffered.

6. CONTRACTS — "PENALTY" OR "FORFEIT" PROVISIONS.

The use of the words "penalty" or "forfeit" in a contract to refer to the consequences for a party's breaching the contract do not necessarily imply a penalty; use of the terms "liquidated" or "stipulated" damages does not necessarily mean that the clause is valid and not a penalty; liquidated or stipulated damages at a daily rate are commonly used and permitted when work or services contracted for are not completed on time; such clauses are also permissible when local governments contract for public works projects.

*Touma, Watson, Nicholson, Fletcher & DeGrow* (by *Douglas S. Touma),* for plaintiffs.

*Robert H. Cleland,* Corporation Counsel (by *Terrence P. Houlahan),* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. A jury found defendant St. Clair County liable to plaintiffs for $20,500 in damages. The jury also found third-party defendant DiLegge Construction Company liable to St. Clair County for $1,500 in damages. St. Clair County appeals as of right.

St. Clair County (defendant) contracted with third-party defendants for a sewer project which was to pass under plaintiffs' land. Initially, however, plaintiffs refused to sign a right-of-way agreement provided by defendant because of difficulties experienced several years before in restoring their land after defendant had installed a water line. Eventually, plaintiffs signed the agreement but only after typing in additional provisions regarding restoration of their property. Included among those provisions was the following one regarding liquidated damages:

"Should the restoration of the property exceed 90 days after the work is first done on description 1106 installing the sewer, the owner shall have the option of either contracting to have the property restored himself at the County's expense or penalize the County $25.00 per day for each day over the 90 days that the work has not been completed to the owner's satisfaction."

Defendant's agent recorded the agreement but defendant failed to comply with the time limit.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

After numerous letters and calls to defendant (which resulted in little action), plaintiffs effectuated restoration of their property 820 days after the 90-day limit had passed. After initial pleadings were filed in the trial court, defendant moved for summary judgment, GCR 1963, 117.2(3), seeking a ruling that there was no contract between plaintiffs and defendant or, in the alternative, that the liquidated damages provision was invalid as a penalty. However, the trial court found that a contract existed and that the liquidated damages provision was valid and enforceable. Even though plaintiffs had not moved for summary judgment, such action was clearly within the trial court's power. GCR 1963, 117.3. Thereafter, at the trial, the jury was instructed that there was a valid and enforceable contract, including the liquidated damages provision. The jury was left to determine whether the contract had been breached and, if so, the amount of damages. On appeal, defendant claims that the trial court committed reversible error by finding, as a matter of law, that (1) a contract existed between plaintiffs and defendant and (2) the liquidated damages clause was valid and enforceable.

Initially, it should be noted that the affidavits of defendant's right-of-way agent and director of public works, submitted for the first time on appeal, cannot be used to enlarge the appellate record and will be disregarded. *Philips Industries, Inc v Smith,* 90 Mich App 237, 249-250; 282 NW2d 788 (1979).

As for the existence of a contract, although defendant admitted the existence of the easement, it neither admitted nor denied that it agreed to all of the provisions added by plaintiffs. However, it is clear that defendant admitted that it agreed to the

liquidated damages provisions. Thus, it cannot now claim that that provision was not part of the agreement. *Beals v Walker,* 98 Mich App 214, 233-234; 296 NW2d 828 (1980), *lv gtd* 411 Mich 900 (1981).

When the terms of an agreement are disputed, it is the duty of the trier of fact to determine them. *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263, 273; 288 NW2d 613 (1979). Although plaintiffs signed the right-of-way agreement as grantors, no one representing defendant signed on its behalf as grantees. Indeed, there is no space on the form for any representative of the grantee to sign, other than as a witness or as a notary. Defendant's filing of the agreement, however, most likely amounted to an acceptance of plaintiff's conditions. Nevertheless, this is a factual determination that should have been submitted to the jury.

Moreover, the scope of the right-of-way agent's actual authority is a question of fact. *Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721, 732; 315 NW2d 186 (1981). Similarly, an agent's apparent authority is a question of fact "to be determined from all the surrounding facts and circumstances". *Smith, supra,* 271-272. Consequently, the trial court committed error requiring reversal by finding, as a matter of law, that a contract existed between plaintiffs and defendant.

As for the liquidated damages provision, even though defendant admitted that it was part of the agreement, the trial court recognized that it had the duty to determine whether the clause was a valid and enforceable one for stipulated damages, or was invalid as a penalty. This determination is a question of law and there is no need for an inquiry into the intent of the parties. *Wilkinson v*

*Lanterman,* 314 Mich 568, 574-575; 22 NW2d 827 (1946). Rather, only the writing itself need be examined. However, if the amount stipulated is valid but damages in the event of breach are uncertain or difficult to ascertain, then it must be determined whether the parties intended to fix the amount of damages, based upon the writing, subject matter and situation of the parties. *Curran v Williams,* 352 Mich 278, 286-287; 89 NW2d 602 (1958). This is also a question of law.

"It is a well-settled rule in this State that the parties to a contract can agree and stipulate in advance as to the amount to be paid in compensation for loss or injury which may result in the event of a breach of the agreement. Such a stipulation is enforceable, particularly where the damages which would result from a breach are uncertain and difficult to ascertain at time contract is executed. If the amount stipulated is reasonable with relation to the possible injury suffered, the courts will sustain such a stipulation.

"The purpose in permitting a stipulation of damages as compensation is to render certain and definite that which appears to be uncertain and not easily proven. The courts recognize that the parties, particularly at the time of execution of the instrument, are in as good a position as anyone to arrive at a fair amount of damages for a subsequent breach. In the event they are not unconscionable or excessive courts will not disturb it. Just compensation for the injuries sustained is the principle at which the law attempts to arrive. Courts will not permit parties to stipulate unreasonable sums as damages, and where such an attempt is made have held them penalties and therefore void and unenforceable." *Curran, supra,* p 282.

Furthermore, use of the words "penalty" or "forfeit" do not necessarily imply a penalty. *Ross v Loescher,* 152 Mich 386, 398; 116 NW 193 (1908); *Western Gas Construction Co v Dowagiac Gas &*

*Fuel Co,* 146 Mich 119, 120; 109 NW 29 (1906); *Lamson v City of Marshall,* 133 Mich 250, 262-263; 95 NW 78 (1903). Rather,

"it will still be held to be stipulated damages, if, from the whole contract, the subject matter, and situation of the parties, it can be gathered that such was their intention. And in proportion as the difficulty of ascertaining the actual damage by proof is greater or less, where this difficulty grows out of the nature of such damages, in the like proportion is the presumption more or less strong that the parties intended to fix the amount." *Jaquith v Hudson,* 5 Mich 123, 138 (1858).

Of course, use of the terms "liquidated" or "stipulated" damages does not necessarily mean that the clause is valid and not a penalty. *Nichols v Seaks,* 296 Mich 154, 161-162; 295 NW 596 (1941). We also observe that liquidated or stipulated damages at a daily rate are commonly provided for and permitted when work or services contracted for are not completed on time. *Hall v Gargaro,* 310 Mich 693; 17 NW2d 795 (1945) ($10 per day); *Ross, supra* ($20 per day); *Western Gas, supra* ($25 per day). Such clauses are also permissible when local governments contract for public works projects. *Lamson, supra* ($10 per day); *Ann Arbor Asphalt Construction Co v City of Howell,* 226 Mich 647; 198 NW 195 (1924) ($20 per day).

"It is permissible, in cases where damage by delay is impossible of actual ascertainment by reference to any pecuniary standard, to stipulate the damage in advance, and, if reasonable, agreed damages for delay may be recovered by a municipality." *Wisconsin Bridge & Iron Co v City of Alpena,* 238 Mich 164, 168; 213 NW 93 (1927).

Damages due to delay in completion are typically

uncertain as to amount and difficult to ascertain. *Ann Arbor Asphalt, supra,* p 652; *Western Gas, supra,* p 121.

In this case, it is clear that at the time the agreement was made, $25 per day represented a reasonable amount for any delay in restoration of the property beyond 90 days after work commenced. Also, undoubtedly, damages due to any delay were necessarily uncertain as to amount and difficult to ascertain. Moreover, it cannot be said that the parties did not intend to fix the amount of damages. Finally, if governmental entities are permitted to recover liquidated damages for delays in the completion of public works contracts, private citizens should also be allowed such a recovery. Accordingly, we hold that the trial court did not err in finding, as a matter of law, that the liquidated damages provision was valid and enforceable.

We applaud the plaintiffs' foresight in providing for this arrangement. We are gratified by the prospect that at least one set of victims of an unresponsive bureaucracy may not go uncompensated for their troubles.

We affirm the trial court's determination that the liquidated damages clause was valid. We reverse the trial court's finding that a valid contract existed and remand for a new trial limited solely to that issue.

Affirmed in part and reversed in part. No costs, neither party having prevailed in full. We do not retain jurisdiction.