LEMBERG *v.* VISNAW.

1. DAMAGES — WHEN DESIGNATED SUM REGARDED AS PENALTY RATHER THAN STIPULATED DAMAGES.

    Where, in a contract which provides for the performance of several acts of different degrees of importance, there is a stipulation that one designated sum shall be paid in case of a breach of the contract, and the actual damages for part or all of the breaches can be computed, and the sum designated would be excessive for any of the breaches,

Sum deposited to secure performance of a contract as a penalty or liquidated damages, see notes in 38 L. R. A. (N. S.) 847; L. R. A. 1917E, 372.

such sum will be regarded as a penalty and not as liquidated damages.[1]

2. SAME—LANDLORD AND TENANT—STIPULATED DAMAGES—PENALTY. A sum of money provided for in a lease to be deposited with the lessor and to be retained by him as stipulated damages in case of the breach of any of the covenants, which were of varying degrees of importance, some of comparatively trifling importance, for which said sum would be excessive compensation, was properly regarded as a penalty rather than stipulated damages.[2]

Error to Wayne; Murphy (Alfred J.), J.    Submitted April 27, 1926.    (Docket No. 43.)    Decided June 7, 1926.

Assumpsit by Abraham Lemberg and others against Henry R. Visnaw and others for rent of leased premises.    Judgment for plaintiffs.    Defendants bring error.    Affirmed.

*Howard H. Campbell,* for appellants.

*William Henry Gallagher (Edward J. Fallon,* of counsel), for appellees.

CLARK, J.    Plaintiffs may be said to be lessors and defendants lessees in a lease for three years, in which default was made in the payment of rent. Plaintiffs sued for the amount claimed to be due and had verdict and judgment for $4,000.    Defendants bring error and contend that damages were stipulated in the lease and paid in advance and that therefore verdict should have been directed in their favor as requested.

The stipulation is quoted from the lease:

"Said tenants have deposited with lessor the sum of five hundred fifty ($550) dollars, receipt whereof is hereby acknowledged by lessor, and it is agreed between the parties hereto that the said sum shall be held by the said lessor to guarantee the faithful perform-

[1]Damages, 17 C. J. §§ 247, 248, 249; [2]Id., 17 C. J. § 255.

ance of all the covenants of this lease to be performed by said tenants and upon default by said tenants in the performance of any of the covenants in this lease contained, including the covenant to pay rent, such sum of money shall be retained by lessor and applied by him in payment of all damages which he may sustain by reason of such default," etc.

There are in the lease many covenants on the part of the lessees, of varying degrees of importance, ranging from the covenant to pay rent, down to some of comparatively trifling importance. The amount provided is excessive compensation for the breach of some of the covenants, yet one sum, $550, is to be paid in case of a breach of any or all of them.

The rule is stated in 2 Joyce on Damages, § 1307, quoted in *Ann Arbor Asphalt Construction Co.* v. *City of Howell,* 226 Mich. 647:

"Where in a contract which provides for the performance of several acts of different degrees of importance there is a stipulation that one designated sum shall be paid in case of a breach of the contract, and the actual damages for part or all of the breaches can be computed, and the sum designated would be excessive for any of the breaches, such sum will be regarded as a penalty and not as liquidated damages."

The lease provides a penalty, not stipulated damages. Judge Murphy held rightly that the case was ruled by *Noble* v. *Sturm,* 210 Mich. 462, and authorities there cited.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.