WISCONSIN BRIDGE & IRON CO. v. CITY OF ALPENA.

1. DAMAGES—STIPULATED DAMAGE PERMISSIBLE WHERE IMPOSSIBLE OF ACTUAL ASCERTAINMENT.

In cases where damage by delay in completing a contract is impossible of actual ascertainment by reference to any pecuniary standard, it is permissible to stipulate the damage in advance, and, if reasonable, the agreed damage for delay may be recovered.

2. SAME—BRIDGES—DAMAGES FOR DELAY—DAMAGES NOT RECOVERABLE WHERE NOT STIPULATED.

Where a contractor submitted two bids for the construction of a bridge, a low one for slow delivery, and a higher one for quick delivery, and the city accepted the higher bid and entered into contract thereunder without stipulating liquidated damages for delay, in an action for the balance due on the contract the city may not recoup the difference between the two bids as damages for delay, since said damages are not ascertainable, and, none having been stipulated, none may be recouped.

[1]Building and Construction Contracts, 9 C. J. §§ 30, 49, 132, 136; Damages, 17 C. J. §§ 231, 259; [2]Building and Construction Contracts, 9 C. J. §§ 49 (Anno), 136 (Anno); Damages, 17 C. J. §§ 259 (Anno), 261 (Anno).

3. SAME—ACTUAL DAMAGE ONLY RECOVERABLE FOR DELAY IN CON-
STRUCTING BRIDGE.

If a contract provides no remedy by way of liquidated
damages, then damages in recoupment of the contract
price must be established by evidence showing actual
damages, and this may not be done by going back to an
offer not a part of the contract but excluded by the terms
thereof.

4. SAME—EVIDENCE MUST SHOW ACTUAL DAMAGE.

Failure of the contractor to perform within the time fixed
in the contract, which failed to stipulate liquidated
damages, gave the city the right to claim and recoup
against the agreed price the actual damages sustained,
if any, same to be established only by evidence showing
nature and extent thereof.

5. SAME—DAMAGE NOT STIPULATED AND NOT ASCERTAINABLE NOT
RECOVERABLE.

If damages cannot be ascertained with a reasonable de-
gree of certainty, and none are stipulated, none may be
recovered.

6. SAME—INCONVENIENCE TO PUBLIC NOT MEASUREABLE IN DAM-
AGES.

Inconvenience to the public, in being deprived of the use
of a bridge, cannot be measured in damages, although it
may be a subject of agreed diminution of pay, in the con-
tract for its construction.

7. SAME—EVIDENCE—LOWER BID NOT ADMISSIBLE ON QUESTION OF
DAMAGES FOR DELAY.

Where a contract for the construction of a bridge did not
stipulate liquidated damages for delay, a lower bid based
on slow delivery, not accepted by the city, is not admis-
sible in evidence on the question of said damages.

8. BRIDGES—DELAY—DAMAGES—WAIVER—QUESTIONS FOR JURY.

In an action to recover the balance due on a contract
for the construction of a bridge, in which the city sought
to recoup damages for delay, questions involving waiver
of performance within the agreed time, and as to when
the time limit for completion began to run, were ques-
tions of fact for the jury.

---

[3]Building and Construction Contracts, 9 C. J. § 135; Damages,
17 C. J. §§ 322, 324; [4]Building and Construction Contracts, 9 C.
J. §§ 132, 238; [5]Damages, 17 C. J. §§ 86, 90, 91; [6]Id., 17 C. J. §
90; [7]Building and Construction Contracts, 9 C. J. § 245; Damages,
17 C. J. § 324; [8]Building and Construction Contracts, 9 C. J. §§
228 (Anno), 246.

Error to Alpena; Emerick (Frank), J.    Submitted January 5, 1927.    (Docket No. 26.)    Decided April 1, 1927.

Assumpsit by the Wisconsin Bridge & Iron Company against the city of Alpena for a balance due on a bridge contract.    Judgment for plaintiff for less than amount claimed.    It brings error.    Reversed.

*Henry & Henry (Guy D. Henry*, of counsel), for appellant.

*I. S. Canfield (L. G. Dafoe*, of counsel), for appellee.

WIEST, J.    This suit was brought by plaintiff to recover, under contract, a balance due for the steel construction of a bridge for the city of Alpena.    Defendant, by plea and notice, claimed breach of the contract by plaintiff and sought recoupment of damages to the amount of $2,000.    The issues were tried to a jury, and, by verdict for $1,881.31, and subsequent remittitur, the defendant was allowed $1,500 in recoupment of plaintiff's contract demand.    Plaintiff reviews by writ of error, presenting the question of the measure and the method of determining damages for delay by a contractor in the completion of a bridge for a municipality, in the absence of stipulated damages and pecuniary loss capable of ascertainment.

A freshet in the spring of 1923 washed out the Ninth street bridge across Thunder Bay river in the city of Alpena.    Ninth street being much used, the city authorities desired a new bridge as quickly as possible, engaged engineers to prepare plans, bid sheets, and specifications and advertised for bids. Plaintiff submitted two bids, in the alternative, for the furnishing and erection of the structural steel superstructure.    The bids, so far as material to the issues, were as follows:

"Structural steel, erected and field painted per pound.

Bid A—7.83 cents.  Bid B—8.29 cents.

"(Bid A—seven and eighty-three hundredths cents per pound.)

"(Bid B—eight and twenty-nine hundredths cents per pound.)   *   *   *

"The undersigned further agrees to execute the contract and bonds within fifteen (15) days after the work has been awarded him, to begin the work within ten (10) days after being notified to do so, and to complete the same on or before— — —.  See below for each bid.

"Deliveries as follows for bids A and B:

"Bid A for Slow shipment.   Will ship so erection will start about May first and will complete erection June 1st, 1924.   Using Mill Material.

"Bid B.   Quick Shipment.   Will ship in 75 days from receipt of order and complete information, and complete erection about 40 days later.   Using stock material."

The city accepted bid B, and the parties entered into contract in accord therewith.   While the city authorities wanted the bridge quickly and for that reason accepted the higher bid with speedy delivery, no provision for liquidated damages for delay was incorporated in the contract.   Under the contract, notice given and subsequent events, defendant claims the work should have been completed by April 3, 1924, but was not completed until July 14, 1924.   Accepting this for the purpose of the point of law later considered, and not passing on excuses set up by plaintiff or change in "channel sections" and an anticipated flood, we have a delay from April 3d to July 14th, in breach of the contract, and for which defendant asserts right to recoup damages.   We now quote from the brief for defendant:

"At the time of the trial it was agreed between counsel that the weight, upon which the cost should be figured, was 408,981 pounds.   This, at 8.29 cents per pound, made the contract price $33,904.52.   A small item for lumber brought this up to $33,962.38.   On April 24, 1924, there had been paid on account

$25,423.23, and on January 29, 1925, $6,500, leaving a balance due of $2,039.15, the amount sued for. The damages claimed by plaintiff in recoupment were $2,000. The court, in his charge to the jury on the question of the measure of damages, permitted the jury to consider the difference in the amounts of bid A and bid B as some evidence for the consideration of the jury as to what the value of this use of this bridge would be to the city during the period of delay. This difference by computation was $1,881.31. The jury found in favor of the plaintiff in the sum of $157.84, obviously arrived at by subtracting $1,881.31 from $2,039.15."

It is evident the jury took the difference in cost between the accepted and rejected bids as the measure of damages sustained by the city on account of the delay. In fact, there was nothing else but pure conjecture and speculation. Neither the city, in its corporate capacity, nor the public suffered any loss *capable* of ascertainment in a judicial proceeding, except there be employed the method adopted by the learned circuit judge. A degree of equity is in the holding, but the law, we think, does not sanction it.

The contract did not stipulate any damage for delay. It is permissible, in cases where damage by delay is impossible of actual ascertainment by reference to any pecuniary standard, to stipulate the damage in advance, and, if reasonable, agreed damages for delay may be recovered by a municipality. Here we have an instance where no actual damage was or could be shown. To remit the contractor, by way of recoupment in favor of the city, to remedy under a bid not carried to contract, is to refuse relief on the bid carried to contract and afford the city relief because actual damage could not be ascertained, and no liquidated amount had been stipulated. The result of the instruction given the jury is found in the verdict, and, instead of constituting damages to the city for the delay, limited plaintiff's right of recovery to an

unaccepted bid.   Remitting plaintiff to remedy under the low and unaccepted bid exacted a penalty and was not an admeasurement of damages.   The contract must control.

If a contract provides no remedy by way of liquidated damages, then damages in recoupment of the contract price must be established by evidence showing actual damages and the amount thereof, and this may not be done by going back to an offer not a part of the contract but excluded by the terms of the contract made. It is true the city got less speed under the accepted bid than it would have been entitled to have had under the lower bid, but the court has no power to make a new contract for the parties.   Failure of plaintiff to perform within the time fixed in the contract gave the city the right to claim and recoup against the agreed price the actual damages sustained; such damages, if any, to be established only by evidence showing the nature and extent thereof.

In 4 McQuillin, Municipal Corporations, § 1951, it is said:

"There may be a deduction from the contract price for delay in completing the work, but when it should be allowed, the amount thereof and the method of ascertaining the same must be determined from the law or ordinance directing the improvement, the contract stipulation, if any, and the circumstances of the particular case."

No case, like the one at bar, in admeasurement of damages, has been called to our attention, and we have not found any.   This is not strange, for all the cases, pointing guidance upon the question of damages, involved either liquidated damages or actual damages capable of ascertainment.   This is not a case of first impression, but one for the application of the rule that, if damages cannot be ascertained with a reasonable degree of certainty, and none are stipulated, none can be recovered.

Inconvenience to the public, in being deprived of the use of the bridge, cannot be measured in damages, although it may be a subject of agreed diminution of pay for such a public work. It is too late now to invoke, in the name of equity, the method employed in recoupment in this case. The contract provided for no such measure, and the law leaves the city the right to recoup no more than actual damages. The difference between the two bids, in price and point of time for performance, may indicate clearly the desire to have the bridge quickly, but measures no actual damages.

In *United States* v. *Bethlehem Steel Co.*, 205 U. S. 105 (27 Sup. Ct. 450), the government was desirous of obtaining gun carriages as soon as possible in anticipation of the Spanish-American War, then threatening, and four bids were offered by the Bethlehem Company. The government accepted the short time bid, and the company agreed to a penalty of $35 per day for delay. In holding the penalty was only liquidated damages for delay, the court held it admissible to consider all the bids upon such question, but not to make a new contract for the parties.

That case is authority for admitting prior negotiations upon the question of whether stipulated damages for delay are in the nature of a penalty or otherwise. But neither in that case, or in any other coming to our attention, is authority found for admitting a bid, not accepted, as evidence from which to measure damages for delayed performance under a contract based on a different bid and without agreed damages.

The court was in error in admitting testimony with respect to bid A and in permitting the jury to consider such bid upon the question of damages sustained by the city. The questions, involving waiver of performance of the contract within the time agreed upon and as to when the time limit for completion of the work began

to run, are questions of fact to be determined by a jury.

The judgment is reversed and a new trial granted, with costs to plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.    BIRD, J., did not sit.