WOLVERINE LUMBER CO. v. PALATINE INSURANCE CO.

FIRE INSURANCE—PROPERTY COVERED—CONSTRUCTION OF POLICY.
  An insurance policy covered lumber "piled in mill building,
  on cars, under mill sheds and in sheds adjoining to said mill
  building." There were sheds called "mill sheds" where lum-
  ber was piled situated some distance from the mill. The roof
  of the mill itself extended out 10 or 12 feet over the tracks on
  either side of the mill to protect the lumber and men loading
  or unloading cars. It was undisputed that these projections
  or sheds were erected simply to cover the tracks, were open
  at the ends and sides, and were not intended to be used as
  lumber sheds. *Held,* that the words "mill sheds" in the
  policy should be construed as indicating the sheds located
  some distance from the mill, and not those projecting from
  the building, and the quoted clause of the policy should be
  construed as though it read, "On lumber in mill building;
  on lumber on cars; on lumber under mill sheds and on lum-
  ber in sheds adjoining to said mill building."

Error to Bay; Shepard, J. Submitted January 19,
1905. (Docket No. 84.) Decided March 21, 1905.

Assumpsit by the Wolverine Lumber Company, Lim-
ited, against the Palatine Insurance Company, of London,
England, on a policy of insurance. There was judgment
for plaintiff on a verdict directed by the court, and defend-
ant brings error. Affirmed.

*T. A. E. & J. C. Weadock,* for appellant.
*Lewis P. Coumans* (*Pierce & Kinnane,* of counsel),
for appellee.

BLAIR, J. The plaintiff brought suit against defendant
upon a policy of insurance of $1,000 issued by it, and re-
covered for the full amount by direction of the court. The
fire occurred on May 30, 1903, and destroyed two sheds of
lumber and two cars of lumber on plaintiff's premises in
Bay City. The total loss was $11,936.29, and the total
insurance, including the policy of $1,000 in suit, was $5,-
214.08. The defendant claimed that the lumber burned

was not covered by the policy, and requested the court to direct a verdict in its favor for that reason. This raised the principal question, and, so far as the record discloses, the only question, called to the attention of the trial judge, and is therefore the only question proper for our consideration.

The clause in the policy upon which plaintiff claimed the right to recover is as follows:

"On rough and dressed lumber (lath and shingles, if any) owned by them or held in trust or on commission or sold, but not delivered, *piled in mill building, on cars, under mill sheds and in sheds, adjoining to said mill building* situate on their premises 4th Ward, West Bay City, Michigan."

The court construed this clause as though it read:

"On lumber in mill building; on lumber on cars; on lumber under mill sheds and on lumber in sheds adjoining to said mill building."

The defendant insisted that the clause in question should be read, as follows: "On lumber in mill building; on cars under mill sheds; and in sheds adjoining to said mill building"—insisting that the projecting roofs or awning of the mill constituted the mill sheds referred to in the policy. The roof of the mill extended out 10 or 12 feet over the tracks on either side of the mill to protect the lumber and the men when loading or unloading the cars in stormy weather. There were five sheds where lumber was piled, numbered 1, 2, 3, 4, and 5. The mill building was about 150 feet long north and south by 50 feet wide east and west. On the east and west sides were spur tracks, which were covered by the projecting mill roof. Shed No. 1 was about 200 feet west of the mill; shed No. 2 about 20 feet south of No. 1; shed No. 3 was very close to the mill on the west side, the mill roof overlapping the roof of No. 3; No. 4 was on the west side of the west spur track, about 80 feet south of the mill; No. 5 was on the east side of the west spur track, about 75 feet south of the mill. The lumber burned was in sheds 4 and 5 and in two cars standing on the east spur track opposite No. 5. The

only witnesses who testified in the case were Frank D. Glover, plaintiff's secretary, and Joseph Catherwood, the treasurer and general superintendent. Mr. Glover was asked:

"Q. What are those sheds, Nos. 1, 2, 3, 4, and 5 ? State what they are known as, and in what way, by the people in connection with the plant.

"A. Why, the sheds are known as mill sheds. They were built in 1885. I have been familiar with the sheds and their location since I started to work there in 1888. At that time and since they have been known as mill sheds. There are no sheds of any kind attached to or connected with the mill. The side tracks that are on the premises of the Wolverine Lumber Company do not run under any sheds. The roof of the mill extends over a little to cover the cars or the men while they are loading or unloading in stormy weather.

"Q. Is that intended or used as a lumber shed or mill shed to store anything in ?

"A. No, sir. The width of the roof of these sheds is about ten or eleven feet. The sides are composed of posts holding it up. It is all open, ends and sides. The railroad tracks enter at the end, and the sides and ends are both open. It is just simply to cover the tracks. The roof covering the track is a continuation of the roof of the mill, simply the rafters run out over to cover it. In unloading lumber from the cars that stand under there, it is put in at the side of the mill."

Mr. Catherwood testified:

"The two sheds that burned and shed No. 3, the other two sheds, 1 and 2, are known as our mill sheds, and have been known as that ever since they were built, about 18 years."

This evidence was wholly undisputed, and, in the absence of any evidence to qualify it, we must presume that the words "mill sheds" in the policy referred to these sheds 1, 2, 3, 4, and 5.

We think that, in view of the testimony of Mr. Glover and Mr. Catherwood, the court placed the proper construction upon this policy, and rightly directed a verdict in favor of the plaintiff, and the judgment is affirmed.

McALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.