WOLVERINE LUMBER CO. *v.* PHŒNIX INSURANCE CO. OF
BROOKLYN.

1. EVIDENCE—WRITTEN INSTRUMENTS—EXPLANATION BY PAROL—
INSURANCE POLICY.

A clause of an insurance policy stipulating for a certain amount
of insurance " on lumber in mill building, on cars under mill
sheds, and in sheds adjoining to said mill building," contains
only words of ordinary meaning, but the situation of the
premises and the sheds to which the words apply are facts as-
certainable only by extraneous evidence, to establish which
such evidence is properly admitted.

2. FIRE INSURANCE — POLICY — PROPERTY COVERED — MILL AND
SHEDS.

Whether a fire-insurance policy " on lumber in mill building,
on cars under mill sheds, and in sheds adjoining to said mill
building," covered lumber in sheds situated some distance
from the mill, or merely covered lumber under certain wooden
awnings projecting from the mill roof over side tracks
alongside the mill, *held,* under the evidence, a question for
the jury.

Error to Bay; Shepard, J. Submitted May 8, 1906.
(Docket No. 122.) Decided September 20, 1906.

Assumpsit by the Wolverine Lumber Company, Limited,
against the Phœnix Insurance Company of Brooklyn on
a policy of insurance. There was judgment for plaintiff,
and defendant brings error. Affirmed.

*T. A. E. & J. C. Weadock,* for appellant.

*Lewis P. Coumans (Pierce & Kinnane,* of counsel),
for appellee.

McALVAY, J. This action was brought by plaintiff
upon a policy of insurance for $1,000, issued to it April
12, 1903, covering, among other property, certain lumber.
Plaintiff recovered a judgment. The question involved

in the case is the construction of the following portion of the policy, "'$173.41 on lumber in mill building, on cars under mill sheds, and in sheds adjoining to said mill building, including dressed lumber. 'Block thirty (30).'" There was other insurance on the same property.

As to all the undisputed facts this case is identical with the cases of the *Wolverine Lumber Co.* v. *Palatine Ins. Co.*, 139 Mich. 432, and *Same* v. *Liverpool, etc., Ins. Co.*, 139 Mich. 435. Those suits were brought for losses which occurred at the same fire, for the same property, and upon policies containing the same words as the policy in the suit at bar.

The location of the car tracks and buildings upon these premises will be better understood by reference to the accompanying diagram which was used upon the trial.

The size of the mill and the distances of these sheds from the mill and from each other are given in the former opinion referred to. The lumber destroyed by fire was in sheds Nos. 4 and 5, and in two cars standing on the east spur track opposite shed No. 5.

Plaintiff had what it called a general form under which insurance was carried on the plant, being a printed blank which had been used many years, and was furnished most of the agents. It was the only form plaintiff ever had for general insurance. Defendant's agent, Shaver, who wrote the policy in suit, which was the renewal of a former policy written by him, solicited the insurance from plaintiff and was handed an old policy with the form he was to fill, with instructions to write under that form. He says that it was a typewritten form similar to the one on the policy in suit. There is no dispute but that the only difference between the form used in the suits referred to above and in this suit, is in the punctuation. The policy in suit was renewed when it expired, without further instructions, and the bill was sent to plaintiff. Shaver says that this was not a general form and that he asked to make a new form to cover every item in the yard. Evidence on the part of the plaintiff was intro-

duced to show how the so-called general form was used and what this policy was understood to cover and also to designate the mill sheds. Defendant's agent also testified what he understood this policy covered.

The errors relied upon are the refusal of the court to sustain defendant's demurrer to the evidence and instruct the verdict in its favor at the close of plaintiff's evi-

dence, and, at the close of the case, the refusal to charge the jury that it did not appear that any property covered by the policy in the suit was destroyed by fire and to instruct a verdict for defendant. The question whether the property destroyed was covered by the insurance contract was left to the jury to determine under the evidence. A verdict was returned in favor of plaintiff for the amount claimed.

When the other cases were before this court, defendant insisted upon the same construction which is urged in this case. Justice BLAIR, speaking for the court, said:

"The defendant insisted that the clause in question should be read as follows: ' On lumber in mill buildings; on cars under mill sheds; and in sheds adjoining said mill building,' insisting that the projecting roofs or awning of the mill constituted the mill sheds referred to in the policy."

The opinion further says:

"The roof of the mill extended out 10 or 12 feet over the track on either side of the mill to protect the lumber and the men when loading or unloading the cars in stormy weather."

Defendant insists that the policy in this case is actually written as it was contended the policies in the other cases should have been interpreted, and in this case the testimony shows that there was no understanding or agreement with reference to the policy covering the property in the different sheds; this last contention being based upon the fact that in the former cases defendant offered no testimony. In this case there were disputed questions of fact, defendant claiming that the mill roofs over the spur tracks were the only mill sheds on the premises; and the plaintiff claiming that there were no mill sheds on the premises under which cars could be placed, and that the sheds burned were known and used as mill sheds. There was evidence in the case tending to support both theories. The interpretation and construction of

written instruments is for the court in all cases where the language is clear and unambiguous, but a written instrument is open to explanation by extrinsic evidence. Where the words of the contract must be applied to facts ascertainable only by such evidence, or if there is doubt or uncertainty, not about what the substance of the contract is, but as to its particular application, it may be explained or properly directed. 17 Cyc. pp. 665, 666, and cases cited. The words of this policy of insurance are words of ordinary meaning, but what were mill sheds and sheds adjoining the mill building, and whether there were mill sheds under which cars could be placed, were facts ascertainable only by extraneous evidence. Evidence to establish these facts was properly admitted, and, with proper instructions, submitted to the jury.

The case is within the well-recognized rules above stated. The verdict of the jury was warranted by the evidence. It was not error to deny defendant's motion to instruct a verdict in its behalf.

The judgment is affirmed.

CARPENTER, C. J., and BLAIR, HOOKER, and MOORE, JJ., concurred.