### YORE *v.* MESHEW.

1. EVIDENCE—WRITTEN CONTRACTS—PAROL — BROKERS — COMMIS-
SIONS.

On the issue of the consideration received for certain real es-
tate, as determining the commission of the broker making
the sale, parol evidence of the value of a farm received in
part payment is admissible, notwithstanding the recital of
the consideration in the contract of sale and the deed subse-
quently executed, such evidence having no tendency to vary
the terms of the writings.

2. SAME—OPINION EVIDENCE—VALUE OF LAND.

The opinion of experts as to the value of the farm, *held,* ad-
missible, it being the theory of the owner that the agreed
consideration was $30,000 and that of the broker that the
consideration was in fact $35,000.

3. BROKERS — COMMISSIONS — ACTION — TRIAL — INSTRUCTIONS —
HARMLESS ERROR.

The jury having found that the contract between owner and
broker, under which the broker was to have all over $31,680
received for certain land, was abandoned, an instruction that
in such case the broker was entitled to recover at least the
commission on the consideration the owner claimed under
his theory to have received, and on as much more as the jury
found the actual consideration to have been, was not preju-
dicial to the broker.

Error to Berrien; Coolidge, J. Submitted June 13,
1906. (Docket No. 23.) Decided October 1, 1906.

Assumpsit by Patrick Yore against Charles H. Meshew
for money had and received. There was judgment for
plaintiff, and defendant brings error. Affirmed.

*Cady & Andrews* and *Coy W. Hendryx,* for appel-
lant.

*Gore & Harvey,* for appellee.

OSTRANDER, J. Under date March 19, 1904, plaintiff
and defendant made and executed a written instrument,

by the terms of which defendant was authorized to advertise for sale and to sell the property of plaintiff for $35,000, "or at any less price  *  *  *  I may hereafter approve," the commission of defendant to be "any amount you may get over and above $31,680." Plaintiff agreed not to reduce the price below $35,000, except on defendant's request.  Defendant effected an exchange of the property for other property and $6,000 cash, and, the cash payment having come into his hands, he retained a commission upon the basis of a sale at $35,000 and the terms of said instrument.  Plaintiff brought this suit to recover a portion of the money.  The jury answered in the affirmative the following special question:

"Was the contract between the parties, made March 19, 1904, subsequently abandoned and a different agreement made relating to the commission of the defendant for selling the Yore building?"

There was verdict and judgment for plaintiff, a new trial was denied, and defendant has brought the record of the proceedings into this court with 57 assignments of error.

In an executory contract, dictated by defendant and executed by plaintiff and the person with whom the exchange of property was made, it is recited that the consideration for the property of plaintiff is $35,000, to be paid by a farm at $17,000, by assuming a mortgage upon plaintiff's property of $12,000, and by cash $6,000.  This contract contained, also, a provision that each party should pay a commission to defendant for his services as broker. The deeds executed pursuant to this contract contained similar recitals of the amount of the consideration.  Defendant insists that these recitals are conclusive upon the subject of the selling price and produced no other evidence of the consideration for which plaintiff disposed of his property.  Plaintiff, over objection, introduced testimony tending to prove that the farm, containing 240 acres, was valued and taken by him at $50 per acre, and that this was understood and agreed to by defendant; that the sell-

ing price of his property, as understood by himself and by defendant, was $30,000, and a commission of 2½ per cent. upon this sum was agreed to be paid and received. The court was not in error in receiving this testimony because the recitals in the contract and deeds are not necessarily conclusive, as between plaintiff and defendant, of the selling price of plaintiff's property, and it was competent for plaintiff to prove that defendant understood the real consideration to be a less sum. The objection that the terms of a written contract cannot be varied by parol is of no force because no such thing is attempted.

Plaintiff also called expert real estate men who gave testimony over objection and exception tending to prove that the farm was not fairly worth more than $12,000. The probable effect of this testimony, under the instructions given, upon the jury, and their special finding, is strongly urged, the contention being that it was inadmissible and prejudicial to defendant. Upon his own theory, defendant is obliged to show that the consideration obtained was more than $31,680. The recitals mentioned are, unexplained, some evidence of the actual consideration. We have two known quantities, viz.: the $6,000 cash item and the $12,000 mortgage item, the sum of which is $18,000. To make the total consideration $35,000, the farm must be reckoned at $17,000 or upwards of $70 per acre; to agree with plaintiff, the farm must be reckoned at $50 per acre, or $12,000. The trial court said to the jury that if the agreement expressed in the written instrument had not been abandoned, defendant's commission would be the difference between $31,680 and the actual consideration received by plaintiff. If it was understood between them that the consideration was $35,000, that must govern. If the written bargain for commission had been abandoned, they must give to defendant at least the sum of $750 and, if the consideration actually received by plaintiff was more than $30,000, they should allow a commission of 2½ per cent. upon the actual selling price of the property.

The objection to the charge which is most urged is based upon the assertion that the value of the property taken by plaintiff is not in issue—that defendant is entitled to a commission of $750 or one of $3,320, and that therefore all reference in the charge to a commission other than one under the written contract or one under the alleged substituted contract was misleading and erroneous. In asserting that he is entitled to $3,320, defendant assumes, as he must, the burden of proving that he got $35,000 for the plaintiff's property. The amount of the consideration was in issue. Assuming that what is meant by counsel is that the value of the property may be and should be distinguished from the agreed or understood consideration, we are still confronted with the fact that defendant's only proof of an agreed or understood consideration is the recitals in the conveyances, and is inconclusive. If an amount, within the meaning of the written contract, was agreed to, the issue is determined. If not agreed to, the issue must be determined upon evidence tending fairly to prove the real fact. The theory of the plaintiff is that it was agreed to be $30,000, of defendant that it was in fact $35,000. It is not disputed by defendant that there was bargaining, in the course of which plaintiff insisted upon an $8,000 cash payment, finally consenting to accept $6,000. It cannot be said that the testimony of the experts as to the real value of the farm had no probative value upon this point. The opinion evidence was properly admitted, and the jury having found that the written agreement for a commission was abandoned, the instructions criticised were not prejudicial but were, rather, favorable to defendant.

We have examined the other errors assigned, including those based upon the refusal to grant a new trial. None of them are found to be well assigned, and none require discussion.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.