NATIONAL CASH REGISTER CO. v. VERBRUGGE.

1. EVIDENCE—VARYING TERMS OF WRITTEN CONTRACT—ORAL EVIDENCE.

Terms of written contract, complete upon its face and not ambiguous in its terms, may not be modified by verbal statements contemporaneous with its execution.

2. SAME—CONVERSATION BETWEEN SELLER'S AGENT AND BUYER.

Where contract for purchase of cash register of special construction to meet needs of purchaser's business did not assume to fully describe machine ordered, conversation between purchaser and seller's agent at time order was signed, as to kind of machine ordered, was admissible on issue as to whether machine delivered did in all respects meet requirements of one ordered.

3. SALES—CASH REGISTERS—ACCEPTANCE—STATUTES.

    In action for purchase price of cash register, evidence bearing on defendant's acceptance of said machine when it was delivered, *held*, to present issue of fact, which was properly submitted to jury, where defendant claimed he rejected machine when it was delivered, and used it only at seller's request that he try it out (2 Comp. Laws 1929, § 9487).

Appeal from Kent; Perkins (Willis B.), J. Submitted April 7, 1933. (Docket No. 65, Calendar No. 37,107.) Decided May 16, 1933.

Assumpsit by National Cash Register Company, a corporation, against Edward Verbrugge on a promissory note given in part payment for a cash register. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dunham & Allaben,* for plaintiff.

*Sigmund S. Zamierowski,* for defendant.

SHARPE, J. The defendant, the owner and operator of a gasoline filling station in Grand Rapids, on January 14, 1932, gave plaintiff a written order for the manufacture and shipment to him of "One of your No. 1944 (3-3) 1C long receipt registers, Br. Mah. finish, denomination of keys special for use in super serv station business," for which he agreed to pay $25 in cash and the balance of $460 in 23 monthly payments. The plaintiff gave him a receipt for the down payment on January 14, 1932, and stated therein that the monthly payments would start on April 1, 1932, and that:

"If by June 1st, this register does not work out or check out your money and merchandise satisfactorily, we will take register, cancel contract, and all payments end."

The machine was delivered to the defendant on March 9th, but was not used by him until March 15th, when an employee of plaintiff, named Leach, who had been ill, came and explained to him how it should be operated. He retained possession of it until April 27th, when he notified the plaintiff in writing that it was "not as represented, does not check out the money and merchandise, and is wholly unsatisfactory;" that he canceled "the contract and agreement" and made demand for the return of the $25 paid by him.

The plaintiff thereupon brought this action to recover on the note, which provided that in the event of default in any payment the plaintiff might declare the whole amount thereof as "immediately due and payable." The trial court submitted the case to the jury, instructing them that, if the machine delivered was the one ordered by defendant, they must find for the plaintiff; if not, for the defendant. He also instructed them as to the acts of the defendant which would amount to an acceptance of the machine. They found a verdict for the defendant, on which judgment was entered, from which the plaintiff, by leave of this court, has taken this appeal.

The plaintiff urges that the court erred in admitting in evidence the conversation between the defendant and A. J. Cron, the local manager of the plaintiff, who secured the order from him. The contract contained the following:

"This contract covers all agreements between the parties and shall not be countermanded."

It is elementary that the terms of a written contract, complete upon its face and not ambiguous in its terms, may not be modified by verbal statements contemporaneous with its execution. The purpose of the testimony admitted was not to vary the terms

of the contract, but to show that the machine delivered lacked some of the essential parts which it was agreed should be placed upon it. The order given was for a special machine to be used in defendant's business. It was indicated by a number placed in the contract. Mr. Cron testified that ''there are no two machines alike.'' The number in the contract was ''1944 (3–3) 1C.'' The machine delivered was a ''No. 1946 (3–1) 1–C.'' These numbers would have no significance to the defendant.

Defendant was permitted to testify, over plaintiff's objection, that plaintiff's employee, Mr. Leach, before the time when the contract was entered into, made a ''print'' in pen and ink that ''showed the various rows of the keys, and explained what the machine would do, and explained how we could check on it.''

''On one side of the machine there were four rows of keys that showed the amount of quarts or pounds or described the items that were sold. On the opposite side there were three rows of keys that gave dollars and cents, and also a row of four keys that gave the total at the end of the day and showed us what we had sold and made it simple in a way to ring up your cash register to find out your totals at the end of that day. We were supposed to have an additional row of four keys that would identify the salesman, so that at the end of the day he could see which man was doing the work or making the sales.''

It is admitted that this ''additional row of four keys'' was not on the machine delivered. The defendant testified that he at once noticed their absence and was told by the man who delivered it ''not to touch it until Mr. Leach came;'' that when Leach came he asked him about these keys and—

"he claimed they weren't supposed to be on there. I asked him about the receipt, and he said he couldn't make a receipt like that. I don't remember the exact words, but he said to try it out and see if it wouldn't work as well as the machine we thought we were getting. * * * In operating this machine I couldn't tell which of my employees made any of the sales. I couldn't tell how many customers I had from the machine."

And that after a trial he wrote the plaintiff the letter of April 27th above referred to.

Mr. Leach testified that—

"This is a new construction machine, the first machine we ever built of this type and the building instructions go in with the machine and the machine was built according to the building instructions which was plaintiff's Exhibit 6."

Exhibit 6 was a blue print of the lettering and keys to be placed on the machine.

We have referred to this testimony at some length. It clearly shows that the plaintiff in its contract did not assume to fully describe the machine defendant was ordering, and in our opinion it was admissible in its bearing upon defendant's claim that the machine delivered did not in all respects meet the requirements of the one ordered by him. Defendant concedes that mechanically it "worked out satisfactorily," and no stress is laid by his counsel upon the provision in the contract that he might return it if it did not do so.

Plaintiff's counsel insist that defendant's retention of the machine for such a length of time when the defect he now complains of was obvious must be treated as an acceptance of it. They rely on 2 Comp. Laws 1929, § 9487, which reads as follows:

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after a lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

This claim is met by the testimony of the defendant that he rejected the machine when delivered, and used it only at the request of Leach that he should "try it out." The trial court read the above section of the statute to the jury, and instructed them that if the defendant retained the machine with the intention of accepting it he could not thereafter evade payment by reason of his dissatisfaction with it. In our opinion the evidence bearing on acceptance presented an issue of fact, which was properly submitted to the jury.

In denying a motion for a new trial, the trial court found that the verdict was not against the great weight of the evidence. We are also so impressed.

The judgment is affirmed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.