EDOFF *v.* HECHT.

LANDLORD AND TENANT—LESSEE'S DEPOSIT—AMBIGUITY.
  Question of fact *held*, presented by affidavit of merits of lessor's
  assignee in suit by lessee for recovery of deposit, where there
  is an ambiguity as to amount of consideration for release of
  rent made by defendant after plaintiff had defaulted, when
  purpose of deposit is construed as penal, hence entry of
  summary judgment for lessee was error.

Appeal from Wayne; Jeffries (Edward J.), J., presiding. Submitted January 15, 1935. (Docket No. 82, Calendar No. 38,169.) Decided April 8, 1935.

Assumpsit by Clarence Edoff against Bessie Hecht for deposit made under a lease. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded for further proceedings.

*Riseman & Lemke,* for plaintiff.

*Rosenberg & Metzger (Joseph B. Beckenstein,* of counsel), for defendant.

EDWARD M. SHARPE, J. This action involves an appeal from a summary judgment for plaintiff entered in the Wayne circuit court May 31, 1934, and from an order denying defendant's motion to dismiss plaintiff's action entered June 25, 1934. The record discloses that on July 6, 1927, Max Bragman

and Esther Bragman, his wife, leased to plaintiff and one Ben Cool a piece of property in Detroit for a term of 10 years to be used for an oil and gasoline station. At the time the lease was entered into the property was vacant, and the lease provided for the erection of the station on the part of the grantors. It also provided for an option of purchase as well as the following clause:

"It is further understood that the sum of $1,000 is to be deposited by the lessees with the lessors herewith, as security for the faithful performance of their covenants and obligations, to be held by the lessors to be applied on all damage sustained by them through any violation of the covenants of this lease by the lessees, said sum of $1,000 to be applied on the rent hereinbefore mentioned for the last month of the term, with a return of the balance of said sum to lessees if there has been no default in their performance of the covenants of this lease.

"If the lessees herein chose to exercise their option of purchase of the premises, the said sum of $1,000 is to be applied by the lessors on account of the down-payment for the sale of such premises."

Subsequent to the execution of the lease and on December 5, 1931, the co-lessee, Cool, assigned his interest in the lease to plaintiff; and Max Bragman, individually and as survivor of his wife, assigned his interest in the premises and lease to defendant.

January 1, 1934, plaintiff being behind in the payment of his monthly rentals, defendant insisted on payment in full to date, and upon plaintiff's failure to comply therewith, defendant brought proceedings before circuit court commissioner Henry G. Nicol, and on the 19th day of January, 1934, judgment for possession was entered in her favor.

On January 30, 1934, the following release, exhibit "B," was signed by plaintiff and the defendant:

"Jan. 30, 1934.

"It is mutually agreed between Clarence O. Edoff, lessee, and Mrs. D. Hecht, lessor, that all rentals due and to become due are hereby cancelled in consideration for the following chattels. Said chattels being free and clear.

"One (1) grease hoist complete.

"One (1) air standard complete.

"One (1) T99 hand pump and 110-gallon underground tank.

"Six (6) clothes lockers.

"One (1) stove.

"One (1) 15-gallon lubrikil.

"One (1) overhead tire rack.

"Witnessed by:

"O. S. CROWELL,

"R. C. GREISSEL.

"Signed

"CLARENCE O. EDOFF, Lessee.

"MRS. D. HECHT, Lessor."

April 9, 1934, the present suit was commenced by plaintiff individually (and not jointly with Cool) to recover the $1,000 deposit. On May 4, 1934, plaintiff filed a motion for summary judgment on the theory that the release signed January 30, 1934, cancelled all rents due and that the $1,000 mentioned in the original lease was unlawfully withheld from plaintiff by defendant. On May 31, 1934, defendant filed her affidavit of merits, a part of which reads as follows:

"Deponent further says that plaintiff herein, Clarence Edoff, breached the covenant for payment of rent contained in said lease on the first day of each and every month commencing May 1, 1932, to December 1, 1932, during which months he did not make payments of the rentals provided to be paid to deponent in said lease; that plaintiff herein, Clarence Edoff, breached the covenant for payment of rent

contained in said lease on the first day of each and every month commencing January 1, 1933, and continuing through every month during the entire year of 1933; that plaintiff herein, Clarence Edoff, breached the covenant for payment of rent contained in said lease by failing to make payment of the rental due according to the terms of said lease on the first day of January, A. D. 1934.

"Deponent further says that plaintiff herein, Clarence Edoff, was in default in the performance of the covenants and obligations of said lease on and for a long time before the 10th day of January, A. D. 1934, and on such 10th day of January, A. D. 1934, he was in arrears in the payment of rent due by virtue of the covenants of said lease in the sum of $2,200; that plaintiff was indebted to deponent in the sum of $150 owing by him for his occupancy of the demised premises for the month of December, 1933, the sum of $150 owing by him to deponent, defendant herein, for his occupancy of the demised premises for the month of January, A. D. 1934, the sum of $1,100 of which he was in default for rent that accrued during the period from January to November, 1933, and the sum of $800 which had accrued as rental for his occupancy of the demised premises and of which he was in default from May to December, 1932.

"Deponent further says that by virtue of the failure of the plaintiff to perform the covenants and obligations by him undertaken in said lease, a copy of which is attached hereto, deponent did then and there have the right to declare the said sum of $1,000 forfeited to her as liquidated damages; that by virtue of such breach of the covenants and obligations of such lease, plaintiff, *ipso facto,* declared the said sum of $1,000 forfeited to her as liquidated damages as provided for in said lease; that the entry of judgment for possession in favor of the defendant against the plaintiff on the 19th day of January, A. D. 1934, before the Honorable Henry G. Nicol, circuit court

commissioner, Wayne county, Michigan, was a final adjudication of the question of plaintiff's breach of the covenants and conditions of said lease; that, therefore, plaintiff has no claim of any kind whatsoever against defendant for any alleged deposit.

"Deponent further says that on or about the 30th day of January, A. D. 1934, she did make demand upon plaintiff, Clarence Edoff, for payment to her of the sum of $1,200 for rent owing by plaintiff to her over and above the amount of the deposit which the said Clarence Edoff had made on said lease; that at such time the said Clarence Edoff, intending to vacate the premises, did tell deponent of his intention to remove certain fixtures from the demised premises; that deponent informed plaintiff that the said fixtures were part and parcel of the realty and lawfully could not be removed and that plaintiff had no legal right to do so, but in order to avoid any unnecessary trouble and litigation, deponent agreed with plaintiff that if plaintiff would leave such chattels in the said demised premises, said chattels having a value of only approximately $200, she would release her claim against him in the sum of $1,200, for which she had already made demand; that it was then and there agreed between deponent and plaintiff, neither of such parties being represented by counsel, that the plaintiff would leave such items of fixtures upon the demised premises and would not remove same and in consideration therefor deponent was to release her claim against plaintiff for rentals due and owing to her by him in the sum of $1,200; that plaintiff at such time conceded the fact that the sum of $1,000 which he had deposited with the lessors was to be applied towards the rentals of which he was in default and that he was indebted to deponent in the sum of $1,200 which had accrued as rentals owing on said lease after and beyond the time when the applications of said $1,000 as liquidated damages would have consumed past due rentals."

On the same day that defendant's affidavit of merits was filed, a judgment was entered in favor of plaintiff for $1,000 and on June 7, 1934, the defendant filed a motion to set aside the summary judgment and to dismiss plaintiff's declaration or grant defendant a new trial. On June 25, 1934, the trial court dismissed all three motions filed by defendant from which order defendant appeals.

The principal question in the case relates to the summary judgment. The law in relation thereto may be found in *Dempsey* v. *Langton,* 266 Mich. 47, and cases cited therein.

"This court has repeatedly held that it is improper to grant a summary judgment where there is a dispute as to the facts. In other words, a summary judgment in favor of the plaintiff may not be given unless, granting the truth of all the facts alleged in the defendant's affidavit of merits, plaintiff would still be entitled to recover."

From an examination of the affidavit of merits we find that exhibit "B," referred to as the release executed January 30, 1934, relates to the cancellation of certain rents. Defendant contends that parol evidence may be introduced to show that the term "all rentals due" mentioned in exhibit "B" referred to the sum of $1,200, which represents the amount of rent due after the $1,000 mentioned in the original contract had been deducted from $2,200, the total amount of the rent owing immediately preceding the execution of exhibit "B."

"It is elementary that the terms of a written contract, complete upon its face and not ambiguous in its terms, may not be modified by verbal statements contemporaneous with its execution." *National Cash Register Co.* v. *Verbrugge,* 263 Mich. 243.

It is always competent to show, by any relevant testimony, what items enter into a settlement, when one sued for is claimed to be barred by the settlement. *Hicks* v. *Leaton,* 67 Mich. 371.

"As a general rule the recitals of a written instrument as to the consideration are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was." 22 C. J. p. 1157.

See, also, *Stotts* v. *Stotts,* 198 Mich. 605; *Stretch* v. *Stretch,* 191 Mich. 416; *Scanlon* v. *Northwood,* 147 Mich. 139; *Yore* v. *Meshew,* 146 Mich. 80; *White* v. *Rice,* 112 Mich. 403; *Breitenwischer* v. *Clough,* 111 Mich. 6 (66 Am. St. Rep. 372).

"Thus it may be shown that the real consideration was in fact greater than that which is expressed in the instrument, or that there was some other consideration in addition to that set forth; especially where the consideration set forth is only nominal." 22 C. J. p. 1157 *et seq.*

"The parol evidence rule does not preclude the admission of parol or extrinsic evidence for the purpose of aiding in the interpretation or construction of a written instrument, where the language of the instrument itself taken alone is such that it does not clearly express the intention of the parties or the subject of the agreement. Such evidence is admitted not to add to or detract from the writing, but merely to ascertain what the meaning of the parties is. Thus a written instrument is open to explanation by parol or extrinsic evidence when it is expressed in short and incomplete terms, or is fairly susceptible of two constructions, or where the language employed is vague, uncertain, obscure, or ambiguous, and where the words of the contract must be applied to facts ascertainable only by extrinsic evidence, a

resort to such evidence is necessarily permitted. So, also, if there is doubt and uncertainty, not about what the substance of the contract is, but as to its peculiar application, it may be explained and properly directed." 22 C. J. p. 1173 *et seq.*

See, also, *Wolverine Lumber Co.* v. *Phœnix Ins. Co.,* 145 Mich. 558.

In the case at bar the plaintiff relies upon both the original contract and the so-called release to substantiate his claim. Both documents were put in evidence and they must be construed together to ascertain the intent of the parties at the time the release was executed. The solution of this problem involves the construction of the clause relating to the deposit of the $1,000 as found in the original lease. If the claim above referred to is one for liquidated damages and defendant chose to enforce that provision by regaining possession instead of suing for the rent due, then "all rentals due and to become due" in the January 30, 1934, instrument must refer to the $1,000 and there could be no ambiguity therein. However, if the clause is a penalty clause, then defendant would not be limited and could sue for the actual amount of rent due. *Ross* v. *Loescher,* 152 Mich. 386 (125 Am. St. Rep. 418).

Whether a provision is a penalty or liquidated damages is a question for the court and not the jury. *Geiger* v. *Cawley,* 146 Mich. 550.

As was said in *Central Trust Co.* v. *Wolf,* 255 Mich. 8, 14 (78 A. L. R. 843):

"On the question of whether the provision is a penalty or liquidated damages, we are not construing the contract with reference to intention of the parties. Intent is of no practical importance. The question is not what the parties intended but 'whether the sum is, in fact, in the nature of a penalty.' "

The general rule is set forth in *Davidow* v. *Wadsworth Manfg. Co.*, 211 Mich. 90, 94 (12 A. L. R. 605):

"A penalty, in contradistinction to liquidated damages, is a sum inserted in a contract, not as the measure of compensation for its breach, but rather as a punishment for default, or by way of security for actual damages which may be sustained by reason of nonperformance, and involves the idea of punishment. It has been held that where liquidated damages are claimed for the nonpayment of a sum of money, and such damages exceed the lawful rate of interest, they are necessarily in violation of the law of usury, and will not be allowed."

Mere use of the term "penalty," "forfeiture," "liquidated damages" or "stipulated damages" is not conclusive as to whether a contract provides for liquidated damages or a penalty. *Decker* v. *Pierce*, 191 Mich. 64.

From an examination of the lease, we find that it provides:

"The lessees covenant and agree that they will keep and maintain such gasoline station and every fixture and improvement which may be attached thereto in good and substantial repair, and in a clean and sanitary condition, and will always keep and maintain, as well as use and occupy, said demised premises, as well as the sidewalks and streets in front of and around such premises, in conformity to and in compliance with all the ordinances, rules and regulations of all Federal, State and city authorities having jurisdiction thereof, and at the expiration of the term of this lease yield and deliver up said premises in like condition as when taken, reasonable wear thereof and damage by the elements excepted. * * *

"It is further understood that the sum of $1,000 is to be deposited by the lessees with the lessors

herewith, as *security for the faithful performance* of their covenants and obligations.''

We think the proviso in the lease is a penalty, and, being so, the consideration for the release may have been $2,200, as contended for by the plaintiff, or it may have been an amount which did not include the $1,000 deposited as security. There is ambiguity in the release as to the amount of the consideration, and, being so, it raises a question of fact as contended in defendant's affidavit of merit.

The judgment is set aside and the cause referred to the trial court for further proceedings. Defendant may have costs.

POTTER, C. J., and NELSON SHARPE, J., concurred with EDWARD M. SHARPE, J.

BUTZEL, J. We concur in the result on the ground that an issue of fact was presented.

NORTH, FEAD, WIEST, and BUSHNELL, JJ., concurred with BUTZEL, J.