**FINK v. NORTHWESTERN MUT. LIFE INS. CO. OF MILWAUKEE, WIS. (WOLF et al., Third-Party Defendants).**

No. 861.

District Court, E. D. Michigan, S. D.

Oct. 12, 1939.

Samuel D. Coburn and Joseph Mazer, both of Detroit, Mich., for plaintiff.

Armstrong, Weadock, Essery & Helm, of Detroit, Mich., for defendant.

George M. Stutz, of Detroit, Mich., for third parties.

PICARD, District Judge.

The facts in this case are not disputed. Edwin A. Wolf in the year 1932 took out an insurance policy on his life for the sum of $10,000. He named therein two bene-

ficiaries—his wife, Charlotte S. Wolf, and his sister, Florence W. Gage, with the following provision: "In the event of the death of Charlotte Wolf, such share as she would have been entitled to receive shall be payable to Virginia C. Wolf and Edwin Wolf, Jr., share and share alike, or to the survivor of them".

Edwin A. Wolf died on the 10th day of November, 1938, at approximately 12:30 A. M. His wife, Charlotte, died the same day almost twenty hours later at approximately 10:15 P.M. She was living at the time of his death as was his sister. We are not concerned with the $5,000 that was paid to the sister, but the defendant company paid to Virginia C. Wolf and Edwin Wolf, Jr.— not the children of Charlotte, but the children of a former marriage—the $5,000 that would have gone to Charlotte, his wife, if she had lived long enough to make the collection.

Action is brought by the administratrix of the Estate of Charlotte S. Wolf, for the proceeds of the policy already paid to Virginia C. Wolf and Edwin Wolf, Jr., on the theory that upon the death of Edwin A. Wolf there was a vested interest in Charlotte S. Wolf which now belongs to the estate.

The policy contains two provisions upon which the parties rest their claim. They are Section 11 on page 3 reading as follows: "Subject to the rights of any Assignee, the Insured (1) may designate one or more Beneficiaries if none be named herein, either with or without reservation of the right to revoke such designation; and (2) may designate one or more Contingent Beneficiaries whose interest shall be as expressed in, or by endorsement of the Company on, this Policy; and (3) may change any Beneficiary not irrevocably designated; and (4) may change any Contingent Beneficiary. If there is more than one Beneficiary the interest of any deceased Beneficiary, including any unpaid benefits due or to become due, shall pass to the surviving Beneficiary or Beneficiaries unless otherwise directed by the Insured. Upon the death of the last surviving Beneficiary the Contingent Beneficiary or Beneficiaries, if any, shall, unless otherwise directed by the Insured, succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due. If no Beneficiary or Contingent Beneficiary survives the Insured the proceeds of this Policy shall be payable to the executors, administrators or assigns of the Insured. No such designation, revocation, change or direction shall be effective unless duly made in writing and filed at the Home Office of the Company (accompanied by this Policy for suitable endorsement) prior to or at the time this Policy shall become payable." And Section 4 on page 5: "Unless otherwise directed by the designator the surviving Contingent Beneficiary or Beneficiaries, if any, shall, upon the death of the last surviving Beneficiary, succeed to all the interest of such Beneficiary, including any unpaid benefits due or to become due, except that under Option 'C' such interest shall be limited to the stipulated installments, if any, then remaining unpaid."

Virginia C. Wolf and Edwin Wolf, Jr., were interpleaded as defendants. It is the claim of defendant company that when Edwin A. Wolf designated his beneficiaries, he divided the proceeds of the policy in two distinct and separate halves—one-half to Charlotte S. Wolf, his wife, and one-half to Florence W. Gage, his sister, and that there was no succession or survivorship as between those halves. For that reason defendant company contends that Section 4 above prevails, because Virginia and Edwin Wolf, Jr. are surviving contingent beneficiaries of Charlotte Wolf, who was the "last surviving beneficiary" as to her half and that since none of the money has yet been paid to Charlotte Wolf, the contingent beneficiaries should receive "all her interest including unpaid benefits due or to become due".

## The Law

■ In the State of Michigan the law favors vested estates. This rule was laid down in the case of Union Mutual Aid Association v. Montgomery, 70 Mich. 587 at page 588, 38 N.W. 588, at page 592, 14 Am.St.Rep. 519, where the court says: "It is well-established law of this state that the policy of our statutes favor[s] vested estates in preference to contingent, and that, unless an intention appears to the contrary, the will shall operate from the death of the testator, and estates vest at that time." And also: "The words, 'if living,' and 'if not living,' refer to living at the time of Edward C. Franklin's death." The court also says: "The same rules of construction should be applied to dispositions of property created by these mutual benefit associations as are applied to bequests by wills. They partake of the nature of testamentary dispositions of property."

And then: "The case is to be determined *by the articles of association, by-laws, and certificate of membership. These laws and regulations determine the rights of the members and the association,* and may be enforced by the parties and beneficiaries according to their respective rights as therein provided." (Italics ours.)

Taking up the last quotation first, we are mindful of the fact that the court in Edoff v. Hecht, 270 Mich. 689, 260 N.W. 93, 96, quoting another Michigan case, Wolverine Lumber Company v. Phœnix Ins. Co., 145 Mich. 558, 108 N.W. 1088, states: "Thus a written instrument is open to explanation by parol or extrinsic evidence when it is expressed in short and incomplete terms, or is fairly susceptible of two constructions, or where the language employed is vague, uncertain, obscure, or ambiguous, and where the words of the contract must be applied to facts ascertainable only by extrinsic evidence a resort to such evidence is necessarily permitted. * * * Such evidence is admitted not to add to or detract from the writing, but merely to ascertain what the meaning of the parties is."

When we examine the Wolverine case, however, we find that it was submitted to the jury to determine the coverage of a fire policy specifically stating: "lumber in mill building, on cars under mill sheds, and in sheds, adjoining said mill building." The question was submitted to the jury to determine whether under the policy the mill shed included the extension formed by the roofs extending over the tracks as well as the sheds situated some distance from the mill. It did not, however, permit parol testimony to vary the terms of the policy where they were not ambiguous, and although, this court concedes there are instances where parol testimony might be admitted to clarify the intention of the parties, yet if we were to permit such testimony in this case we would admit that the policy was ambiguous—and this we are not prepared to do. We believe, therefore, that this contract is plain and easily understandable, and that the only question for this court to decide is whether the policy provides for the Wolfs to take the proceeds or whether it should go to the estate.

Defendant company seeks to justify its payment to Virginia C. Wolf and Edwin Wolf, Jr. on the theory that Edwin A. Wolf divided his policy in two separate and distinct parts and under Section 4 above,

Charlotte S. Wolf was the "last beneficiary". We are unable to follow that line of reasoning and a close perusal of the policy indicates that the "last beneficiary" of Edwin A. Wolf was and still is his sister, Florence W. Gage, and that if Edwin A. Wolf had not written his letter of October 13th where he designated "contingent beneficiaries" for his wife, all proceeds from his policy would have gone to Florence W. Gage. There is much to bear out this conclusion. First we direct your attention to subdivision 1 of paragraph 11 above, which says that the insured "may designate one or more Beneficiaries if none be named herein, either with, or without reservation of the right to revoke such designation." Then we turn to page 1 of the policy and we note that Edwin A. Wolf has not named "one or more beneficiaries" but uses this language in the blank space provided for the naming of beneficiaries. He provides that the proceeds of said policy shall be paid to "The direct beneficiaries and in the manner provided in the supplemental designation, attached to and made a part of this policy".

Turning to the "supplemental designation" to which he refers we find that he names those beneficiaries as he has a right to do in the following language as appears by his letter of October 13th, 1938: "I, Edwin A. Wolf, the insured under policy No. 2451621, issued by The Northwestern Mutual Life Insurance Company, hereby designate Charlotte Wolf and Florence W. Gage, wife and sister, as direct beneficiaries under said policy, share and share alike. In the event of the death of Charlotte Wolf, such share as she would have been entitled to receive shall be payable to Virginia C. Wolf and Edwin Wolf, Jr., share and share alike, or to the survivor of them."

By the above we doubt if it can be argued that he split this policy right in the middle and made Florence W. Gage a "last beneficiary" for her half and Charlotte S. Wolf a "last beneficiary" for her half. Otherwise what could possibly be the meaning of sub-section 1 of paragraph 11 giving the assured the right to designate "one or more beneficiaries if none be named herein"? Attention is also directed in this connection to the side margin notation opposite paragraph 11 which reads "Beneficiaries and Contingent Beneficiaries". Since the company had nothing more to tie its payments to Virginia C. Wolf and Edwin A. Wolf Jr. than sub-paragraph 4 above which

only permits the contingent beneficiaries to take "upon the death of the 'last surviving beneficiary'", we are of the opinion that the Michigan law should prevail. We repeat that there is nothing in the policy that is ambiguous and that the question of intent should not be subject to parol evidence.

Some objection is made by defendant company that this is not an action upon which summary judgment will lie, citing Michigan and other authorities. However, the Michigan rule on summary judgments is not the same as that of the Federal Court. Great leeway is permitted and we believe rightly so under Rule 56, 28 U.S.C. A. following section 723c, providing for summary judgments and we think that this comes squarely within the rule.

An order will be prepared by plaintiff in conformity with this opinion.